[Civ. No. 2307.   Third Appellate District.—June 15, 1921.]

## J. SCHEIMER et al., Appellants, v. D. J. JAMES, Respondent.

[1] PARTNERSHIP — ACCOUNTING — PLEADING — ORAL MODIFICATION OF WRITTEN LEASE—ABSENCE OF PREJUDICIAL ERROR.—In this action for a partnership accounting and dissolution, in which the defendant, by way of answer and cross-complaint, admitted the existence of the partnership, denied the commission of the breaches charged against him, and alleged a series of wrongful acts by the plaintiffs, both alleged causes of action having arisen out of a transaction whereby the plaintiffs, by a written instrument, leased to defendant a large tract of land to be used by the latter in raising turkeys, the plaintiffs could not have been injured by the action of the trial court in admitting evidence concerning an alleged oral understanding whereby the defendant was. limited to but a small portion of the tract, even though such oral understanding was invalid as being a modification of a written instrument.

[2] ID.—RIGHT TO REASONABLE QUANTITY OF LAND—CONSTRUCTION OF LEASE BY PARTIES.—The defendant having been entitled to at least a reasonable quantity of land, the fact that the plaintiffs after entering into the written lease put him in the peaceable possession of the part thereof upon which stood the buildings amounted to a determination by them that, under his lease, the defendant was entitled to that portion of the land and to a reasonable quantity thereabouts.

[3] ID. — ABSENCE OF SPECIAL PLEADING — ERROR NOT REVERSIBLE. — Where no actual harm could have resulted to the plaintiffs by reason of the failure of the defendant to plead in his answer and cross-complaint the oral understanding between him and the plaintiffs as to the portion of the tract which he was to occupy, a matter upon which the written lease was silent, but which was fully covered by the evidence admitted, such failure, under section $4\frac{1}{2}$ of article IV of the constitution, is not a sufficient ground upon which to predicate a reversal of the judgment in defendant's favor.

APPEAL from a judgment of the Superior Court of Glenn County. Wm. M. Finch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Freeman and George R. Freeman for Appellants.

W. T. Belieu and C. F. Purkitt for Respondent.

PREWETT, P. J., *pro tem.*—On February 11, 1919, the parties to this action entered into a written contract establishing a partnership between the appellants on one side and the respondent on the other. The purpose of the partnership was the propagation of turkeys for the market. The respondent was constituted as the active manager of the business. The appellants filed their complaint, alleging various acts of the respondent as breaches of the partnership contract, and praying an accounting and dissolution. The respondent, by way of answer and cross-complaint, admitted the existence of the partnership, denied the commission of the breaches charged against him, and alleged the destruction by appellants of several thousand turkeys by flooding the land, invading the premises with large numbers of stock, and various other alleged wrongs. He asked for $5,625 and the jury by their verdict awarded him $5,280, which sum the court subsequently reduced to $4,054. The court adopted the verdict found adversely to the appellants on the other issues and rendered judgment accordingly.

The appellants inserted in the partnership contract certain provisions which, in effect, amount to a lease by them to the respondent or to the partnership of a tract of land situated in the county of Glenn containing about 3,600 acres. This leasehold portion of the contract declares that the appellants "give and demise unto the said party of the second part, certain specific rights and privileges as hereinafter mentioned to those pieces or parcels of land, etc.," and describing the entire 3,600 acres. It further provides that the respondent "agrees to use the above described land only as a place upon which to incubate, breed or hatch, feed and care for and prepare for market, fowls commonly known as turkeys."

If there were no other descriptions or limitations in the contract, it would at once be seen that the appellants leased the entire tract of 3,600 acres for above purposes. There is in the contract, however, a limiting provision which reads as follows: "That he will use diligent care to keep said turkeys off from and away from any and all crops growing on said land." Small portions of the tract were then bearing growing crops. It is clear that it was not contemplated that the agreement to "use the above described land" should extend to the whole of it. The respondent does not claim the whole of the tract, but contends that it was orally understood that he should have at least 160 acres thereof embracing the portion upon which the buildings are located. He further claims that the appellants placed him in possession of the buildings and the surrounding territory and that he remained in possession thereof until the commission of the wrongs complained of by him.

The appellants concede that respondent was entitled to a reasonable quantity of land for maintaining the turkeys, but they insist that they had a right to move him about on the premises from place to place as the exigencies of farming operations might demand. There were at one time as many as 3,500 turkeys on the place, and it is apparent that, to move these around from place to place, together with their feed, coops, pens, and shelter and the home outfit of the manager, would be no small undertaking. During the incubating season such removal would have been impracticable and it cannot have been contemplated by the parties.

The appellants invaded the premises with a vast array of laborers, teams, farming implements, and supplies. The teams and men ran over, broke up, and destroyed many of the nests and killed the young turkeys. The workmen flooded the premises immediately about the buildings with great quantities of flowing water in the prosecution of their operations in growing rice. This caused the drowning of large numbers of the turkeys and destroyed the feeding grounds of the remainder. The result was the destruction of over 3,000 turkeys, though the jury charges the appellants with the destruction of but 2,400.

The verdict of the jury, the findings of the court, and the practically undisputed evidence in the case establish a

most woful disregard of the rights of the respondent and gross injury to his property. This is the outstanding fact in the case. No important questions of law or fact are involved in this appeal. Practically the entire plaint of the appellants is that the court erred in admitting evidence concerning the alleged oral understanding whereby the respondent was limited to but 160 acres as being parol evidence to vary the terms of a written contract. This oral understanding was entered into subsequently to the execution of the written contract. In no manner whatsoever does it modify the original contract, except to surrender back to appellants all the land over and above 160 acres.

[1] The trial court held, and in this we agree with it, that the lease conveyed to respondent the right to use the entire tract, less the portion upon which crops were growing. It thus appears that such modification as may have been effected was really a concession to appellants, and it is somewhat difficult to see how they were damaged by its proof. If this oral modification is invalid as being in parol, the appellants are the ones who are injured by its invalidity. On the other hand, if there was error in admitting proof thereof, the respondent is the one who suffers. However, he is not complaining. He concedes and affirmatively insists that he was limited by its terms.

The appellants make the claim that the oral understanding was invalid as being a modification of a written instrument and therefore not provable in any event. They couple this claim with the further point that, even if the oral understanding was valid as supplying an agreement upon a matter as to which the writing was silent, still evidence is not admissible in its support, for the reason that the respondent does not set it up in his pleadings. But this position is unsound.

[2] (a) It was not error to admit evidence of the parol understanding. The respondent was entitled to at least a reasonable quantity of land. The appellants placed him in the peaceable possession of that part thereof upon which stood the buildings. This amounted to a determination by them that the respondent was entitled to that portion of the land and to a reasonable quantity of land thereabouts.

Evidence that both parties were thus willing to construe and limit the written contract, followed by the actual surrender of that portion to the respondent, was admissible.

(b) If there was any error in its admission, the error was harmless. It was evidence of a right to less than the written contract accorded to the respondent. A party cannot complain of a ruling which is, in fact, in his own favor.

(c) The appellants admit that respondent was entitled to some part of the land, and he admits that he was not entitled to the portion thereof upon which crops were growing. If he was not entitled to all the remaining portion (which embraces a vast acreage), then it is because the written contract is silent as to quantity. If it was silent, it seems not to be disputed that the omission could be supplied by an oral agreement. The oral agreement is in no way inconsistent with the written contract, if, as appellants insist, the latter does not indicate the quantity to which the respondent was entitled. If any inconsistency can be found it is only to the effect that they were required by its terms to deliver less than they had promised.

[3] (d) The failure to plead the oral understanding is not fatal, nor is it a sufficient ground upon which to predicate a reversal. Section $4\frac{1}{2}$ of article IV of the constitution provides that no case shall be reversed for mere error in pleading, unless the court can see that a miscarriage of justice has resulted therefrom. This is peculiarly a case for the application of this constitutional provision. No actual harm can have resulted to appellants by reason of this error, if error it be. The case was fully and fairly tried, no evidence was excluded by reason of the alleged defect in the pleading and each party enjoyed all the rights that would have been his if the oral understanding had been pleaded. The actual grievance of respondent was the destruction of some thousands of turkeys, and that grievance was fully set out in the pleadings and abundantly sustained by the proofs.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.