[Civ. Nos. 4629, 4630. Third Appellate District.—May 24, 1932.]

In the Matter of the Estate of NELLIE HARDING VIZELICH, Deceased. JENNIE VIZELICH MARR et al., Appellants; MRS. KATE MORRILL et al., Respondents.

C. Victor Smith, McNoble, Parkinson & Coblentz and Harvey S. Craig for Appellants.

Clark, Nichols & Eltse, S. Laz Lansburgh and S. Joseph Theisen for Respondents.

TUTTLE, J., *pro tem.*—Two appeals arising out of this estate have been combined upon this appeal. The first is from an order settling a first account in the estate, and the second is from an order denying a motion to set aside the decree of distribution made therein.

The decedent, Nellie Harding Vizelich, died testate in the year 1918, leaving six children, Amelia, Kate, Nellie, Nicholas, Henry and Stanley, surviving her. During the course of administration Nicholas, Amelia (Amelia Bruce) and Stanley died. The will was duly admitted to probate. Under its terms decedent directed that her real property be retained in the hands of her executors until such time as her children shall have agreed that it is to the best interests of all of them that it be sold; that thereupon it be sold, and out of the proceeds certain special legacies to children and grandchildren be paid and the remainder, with any other estate of decedent, be then equally divided among her said six children, and that meanwhile the income be divided equally among them by the executor every six months, and by paragraph "Fifthly" she provided that: "In case of the death without issue of any of my said sons and daughters and grandchildren herein mentioned, their share and shares herein devised and bequeathed shall go to my surviving children." Appellant Jennie Vizelich Marr is the surviving widow and sole heir of Nicholas, while appellant Anita Vizelich is the surviving widow and sole heir of Stanley.

Nicholas died on March 18, 1920. On February 26, 1923, the executrix of said estate filed her first annual account. It showed that she had made payments aggregating $500 to each of the then surviving five children, under the provisions of the will directing the periodical distribution of the income. No payments were shown to have been made to the heir of Nicholas, Jennie Vizelich, upon the ground that under the substitutionary provision she was not interested in the estate. In due time Jennie filed objections to

this account, claiming that this provision was intended. to be operative only in case the death of her husband occurred before the death of the testatrix, and, therefore, since her husband, Nicholas, was still living at the time of decedent's death, one-sixth of the estate was indefeasibly vested in him. The trial court overruled these objections, and settled the account, acting upon the theory that the provision mentioned was intended to be effective upon the death of each individual legatee without issue at any time, whenever it might occur. No objections were filed to the account by appellant Anita Vizelich or her husband Stanley. The latter was alive when the account was settled, and appeared and answered the objections filed by Jennie. Considering now the appeal from the order settling this account, we are at a loss to understand how Anita can now appeal therefrom.

█ The ruling of the court was in favor of her husband. It is elemental that a party cannot complain of a ruling which is in fact in his own favor. (*Scheimer* v. *James*, 53 Cal. App. 207 [199 Pac. 827].) Furthermore, as neither Anita nor her husband appeared and filed written exceptions to the account and contested the same under the provisions of section 1635 of the Code of Civil Procedure (as it read in 1923), appellant Anita cannot prosecute an appeal from the order made.

█ But there is another insurmountable obstacle which faces *both* appellants—the appeal from this order was taken after the expiration of the time provided by law. Upon the issues mentioned, the hearing was had and upon November 24, 1923, the court made an order overruling the objections and approving the account as rendered, which order was entered in the minutes of the court at length as follows:

"The objections to the first account of the executrix having been heretofore submitted to the court for consideration and decision and having duly considered the same, the court this day made an order overruling said objections and made a further order settling, allowing and approving said first account as rendered and presented."

On the same day the trial judge filed an exhaustive opinion, concluding as follows: "I am of the opinion that under the rule approved by our Supreme Court [*Estate of Carothers*, 161 Cal. 588 [119 Pac. 926], and *Estate of Briggs*, 186 Cal. 351 [199 Pac. 322] it will be necessary to construe

the language used by the testator herein 'death without issue' as meaning death without issue living at the time of the death of the person or persons referred to and not death without issue as of the time of death of the testator and for that reason the objections filed by the contestant herein may be overruled and disallowed and the account be approved and allowed and settled as rendered.''

On December 5, 1923, there was filed a written order dated December 4th, signed by the trial judge, wherein it was ''Ordered, adjudged and decreed that the said account be and the same is hereby allowed, approved and settled as presented, and that the objections to said account be and they are hereby overruled.'' This order does not differ materially from the previous order of November 24th.

On October 10, 1929, there was filed with the clerk an ''Acknowledgment of Service'' reading as follows:

''Service by copy of the 'Order upon Hearing of Account of Executrix and Objections Thereto' made and entered on the 4th day of December, 1923, is hereby acknowledged this 5th day of December, A. D. 1923.

''D. P. EICKE and
''MANUELILA E. ALDECOA
''Attorneys for Jennie Vizelich Marr.''

The notice of appeal, filed *November 5, 1930,* recites that appellants appeal ''from the whole of that judgment, order or decision rendered in the above-entitled proceeding and court on or about November 24, 1923, signed by George F. Buck, Judge, and also from the whole of that certain Order upon Hearing of Account of Executrix and Objections Thereto rendered in the above-entitled proceedings and court on or about December 4, 1923, signed by George F. Buck, Judge.''

Respondents contend that the order of the court made and entered upon the minutes of the court on November 24th was a proper and valid order under the provisions of section 1715 of the Code of Civil Procedure (1923), and that the sixty-day period fixed by that section had long since expired when the notice of appeal was filed. This places appellants in an embarrassing situation, for while they now contend that this order was not entered in compliance with the statute, they recite in their notice of

appeal that they are appealing from the whole of the judgment, order or decision rendered in the court on November 24, 1923. The record shows on its face that an order overruling and disallowing the objections to the account was entered on November 24, 1923. The theory of appellants seems to be that because the trial judge rendered another order of similar import on December 4, 1923, he did not consider the first order sufficient. They say that the clerk *may* have made a mistake in entering the first order. The clerk did not so testify, nor is there any evidence to support such a theory. The trial judge on that date filed a long written opinion, and at the end thereof directed the entry of an order overruling the objections. The clerk entered the order. For some reason the trial judge filed another similar order upon December 4, 1923. We are not here concerned with the circumstances which motivated the trial judge to proceed in this manner. Appellants' argument in attacking this order is predicated upon speculations as to why this procedure was adopted. So far as the record speaks, this order was both rendered and entered as required by law (sec. 1704, Code Civ. Proc. [1923]), and an appeal taken therefrom some six years thereafter comes too late. (Sec. 1715, Code Civ. Proc. [1923].) The purported appeal from the order of December 4, 1923, is of no effect, as there obviously could be but one order rendered and entered, and the second order was an idle act, and of no force or effect.

The other appeal is taken from an order denying a motion, under the provisions of section 473 of the Code of Civil Procedure, to set aside a decree of distribution entered in said estate. On August 14, 1929, the executrix filed her petition for final distribution. It was alleged in said petition that Nicholas James Vizelich, a son, having died without issue, his estate had no interest in the estate of Nellie Vizelich. It was also alleged that Stanley Vizelich, a son, died on March 8, 1927, without issue, and that his estate had no interest in the property to be distributed. Thereafter appellant Jennie Vizelich Marr, as administratrix of the estate of Nicholas James Vizelich, filed a petition for distribution, praying that a one-sixth interest in the estate of Nellie Vizelich be distributed to her. Appellant Anita Vizelich, as administratrix of the estate of Stanley Vizelich, joined

with Jennie in said petition, and which also prayed that a one-sixth interest in the estate of Nellie Vizelich be distributed to her. Thereafter respondents filed their written opposition and answer to the foregoing joint petition, *setting up, among other things, that appellants were bound by a prior adjudication arising out of the settlement of the first annual account, referred to in the first portion of this opinion.* The hearing of all these issues relating to distribution was duly had, all parties being represented by counsel. Thereafter the court distributed the estate in a manner adverse to the contention of appellants. The latter appealed to the Supreme Court from the decree of distribution, but said appeal was dismissed on April 7, 1931, for the reason that it was not taken within the time fixed by law.

With the foregoing facts in view, we will consider the grounds which are relied upon for setting aside this decree of distribution. The affidavits presented by counsel for each appellant are practically identical in respect to the facts relied upon. They state that they accepted as a fact the recitation in the admission of service signed by the then counsel for appellants, to the effect that the order of December 4, 1923, overruling objections to the final accounts had been entered. (This admission of service is set out in full, *supra.*) Having accepted this as a fact, they advised their respective clients that said order had become final, and could therefore be used as the basis for a plea of *res judicata* by respondents. They state that the trial court and all parties fell into this error. It appears that this order was never entered in the minutes of the court. The recitation was therefore not according to the true facts. As we have held that the order of December 4th was superfluous and a nullity, it would be profitless to discuss this matter further. If the true facts had been known to appellants, it could not have benefited them to have possessed such knowledge. Summing up the situation, we find that the hearing was had after due notice and issues joined; that all parties were represented by counsel, and the matter fully heard; that the decree of distribution was duly entered, and appellants appealed therefrom; that their appeal was dismissed through failure to take the same within the time required by law, and that an inspection of the records of the court would have disclosed at once that the order had never been entered and

that knowledge of the truth would not have availed appellants anything. We are of the opinion that under such circumstances the trial court did not abuse its discretion in denying the motion. (*Kammerer* v. *Marino,* 66 Cal. App. 720 [226 Pac. 980]; *Ingrim* v. *Epperson,* 137 Cal. 370 [70 Pac. 165].)

Each of the orders appealed from is hereby affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1932.

Seawell, J., and Langdon, J., dissented.