## McCAUGHEY v. LYALL.

### ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 228.    Submitted April 19, 1912.—Decided May 13, 1912.

Section 1582 of the Code of Civil Procedure of California, as construed by the Supreme Court of that State, is not unconstitutional as denying due process of law to an heir of a mortgagor because it permits foreclosure against the administrator without making the heir a party to the suit.

The legislative power of the State is the source of the rights in real estate and remedies in regard thereto.

The highest court of the State can construe the laws of that State so as to make of them a consistent system of jurisprudence accommodating the rights and the remedies dealt with by the legislature.

152 California, 615, affirmed.

THE facts, which involve the constitutionality under the due process clause of the Constitution of a statute of California, are stated in the opinion.

*Mr. Cyrus F. McNutt,* with whom *Mr. Wm. G. Griffith* was on the brief, for plaintiffs in error:

By § 1384, Civil Code of California, the property of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court, for the purposes of administration.

The Supreme Court of the State held that upon the death of the ancestor, the title to the real estate vests immediately in the heir. *Bates* v. *Howard,* 105 California, 173, at 183; *Estate of Woodworth,* 31 California, 595, at 604; *Chapman* v. *Hollister,* 42 California, 462, 463.

While the legislature can provide that such heir shall take the estate subject to burden, such as the payment of the debts of the ancestor and support of his family for the time being, that is, during administration, *Brenham* v. *Story,* 39 California, 179–185, when the law of the State has established the right of the heir to take by descent and has provided that such descent shall be cast *eo instanti* at the death of the ancestor, his right is fixed by such positive law and he becomes invested of the measure of title which that law has fixed and he cannot be divested of such title without due process of law. See § 1582, Code Civ. Proc., as follows: Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators

in all cases in which the same might have been maintained by or against their respective testators or intestates.

This statute, which is the basis of the rule established by the court that the heir at law is not a necessary party defendant in an action for the foreclosure of a mortgage given by his ancestor during his lifetime, is repugnant to the Fourteenth Amendment.

The general rule is that in actions to foreclose mortgages after the death of the mortgagors, their heirs are necessary parties defendant. *Lane* v. *Erskine*, 13 Illinois, 501; *Harvey* v. *Thornton*, 14 Illinois, 217; *Starke* v. *Brown*, 12 Wisconsin, 572; *Zaegel* v. *Kuster*, 51 Wisconsin, 31; *Johnson* v. *Johnson* (S. C.), 3 S. E. Rep. 606.

This is so even where the mortgagor retains an equitable interest only and the legal title is vested in the mortgagee. *Frazier* v. *Bean, Admr.* (N. C.), 2 S. E. Rep. 159.

Plaintiffs in error were neither made parties to the complaint, nor was any process issued against them by any fictitious or other name. The plaintiff contented himself with suing the administratrix alone. The judgment which was rendered was rendered against her solely. The very existence of the heirs at law was ignored and no account taken of them at any stage of the proceedings. They therefore neither had "notice" nor "opportunity to be heard," both of which, as already suggested, are essential to jurisdiction of the person, and are essential in order that the proceedings shall bind such person. *Holden* v. *Hardy*, 169 U. S. 366; *Davidson* v. *New Orleans*, 96 U. S. 97; *Myers* v. *Shields*, 61 Fed. Rep. 713; *Iowa Cent. R. Co.* v. *Iowa*, 160 U. S. 389; *Calhoon* v. *Fletcher*, 83 Alabama, 574; *Mulligan* v. *Smith*, 59 California, 206; *Clark* v. *Lewis*, 35 Illinois, 417; *Garvin* v. *Dussman*, 114 Indiana, 429; *Highland* v. *Brazil Block Coal Co.*, 128 Indiana, 335; *Happy* v. *Mosier*, 48 N. Y. 313; *Gillman* v. *Tucker*, 128 N. Y. 190; *Zaegler* v. *South &c. Alabama R. Co.*, 58

Alabama, 599; *Brown* v. *Denver*, 7 Colorado, 305; *Citizens'* *Horse T. Co.* v. *Belleville*, 47 Ill. App. 388.

*Mr. Alexander Lyall pro se* and for other defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

This writ of error is directed to a judgment of the Supreme Court of the State of California sustaining the title of defendants in error to certain lands in that State derived through a sheriff's sale of the same upon suit for foreclosure of a mortgage. The suit was instituted and prosecuted against the administratrix of the estate of the father of plaintiffs in error, they not having been made parties nor given notice of pendency of the suit.

The facts, as stated in the opinion of the court, are as follows (152 California, 615, 616):

"George McCaughey died intestate on March 1, 1890. The plaintiffs are his children and heirs at law. During his lifetime, on June 6, 1889, the deceased executed a mortgage on certain land to one H. J. Finger to secure a promissory note for five hundred dollars, which was due and unpaid at the death of the decedent. After his death Susan McCaughey was duly appointed and qualified as administratrix of his estate. The note and mortgage were duly presented to the administratrix and were allowed by her and approved by the probate judge. In January, 1894, Finger commenced an action against the administratrix to foreclose the mortgage, but did not make plaintiffs parties to such action. Such proceedings were had that a judgment of foreclosure was regularly rendered under which the land was duly sold by the sheriff on April 10, 1895, to defendant Lyall, who in due time received a sheriff's deed therefor. Several years afterwards this present action was brought by said heirs to have

it adjudicated that they are the owners of an undivided one-half of the said land; that the claim of the defendants thereto be adjudged null and void; that plaintiffs recover the possession of the land, etc. A general demurrer to the complaint was interposed by the defendant Lyall and by other defendants. The demurrers were sustained; and plaintiffs declining to amend, judgment was rendered for defendants."

The judgment was affirmed by Department 2 of the Supreme Court and a petition for rehearing in banc was denied. Thereupon the chief justice of the court granted this writ of error.

The contention of plaintiffs in error is that the law cast upon them the title to the land upon the death of their intestate ancestor and that such title could not be divested in a suit in which they were not parties.

To sustain the contention plaintiffs in error make, as we shall see, one part of the law of the State paramount to another part, certain decisions of the courts of the State paramount to other decisions, putting out of view that necessarily the coördination of the laws of the State and the accommodation of the decisions of its courts is the function and province of the tribunals of the State, legislative and judicial respectively.

For their rights of property plaintiffs adduce § 1384 of the Civil Code of the State, which provides that "the property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court, for the purposes of administration." And decisions of the Supreme Court are cited holding, it is said, "that upon the death of the ancestor, the title to the real estate vests immediately in the heir." From the code and the decisions it is deduced that the descent being cast at the instant of the death of ancestor, the "right of the heir is

fixed by such positive law and he becomes invested with the measure of title which that law has fixed and cannot be divested of such title without due process of law."

It is admitted that the heir takes subject to administration, but with that limitation only, it being contended further that "he holds precisely the title held by the ancestor." Section 1582 of the Code of Civil Procedure of the State is cited as defining the limitation. It provides that "actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

The Supreme Court of the State in a number of decisions has considered that section to mean that an heir is not a necessary party with the administrator. *Cunningham* v. *Ashley,* 45 California, 485; *Bayly* v. *Muehe,* 65 California, 345; *Finger* v. *McCaughey,* 119 California, 59; *Dickey* v. *Gibson,* 121 California, 276. This is conceded by plaintiffs in error, but they say that because § 1582 of the Code of Civil Procedure "is made the basis of the rule established by the Supreme Court of the State" they complain of it, and respectfully urge that it "is repugnant to the Fourteenth Amendment of the Constitution of the United States, § 1." This is equivalent to saying that the legislative power of the State, being the source of the rights and the remedies, has so dealt with one as to make the other repugnant to the Constitution of the United States; or, if the complaint be of the decisions, that the Supreme Court of the State cannot construe the laws of the State and make of them a consistent system of jurisprudence, accommodating rights and remedies. Both contentions are so clearly untenable that further discussion is unnecessary.          *Judgment affirmed.*