[L. A. No. 4445.  Department One.—April 13, 1916.]

In the Matter of the Estate of ELIZABETH M. SCOTT, Deceased; SARAH J. SMITH et al., Appellants, v. CHAS. E. GALBREATH et al., Respondents.

Estate of Deceased Person—Sale of Real Property—Value of Property—Discretion.—The question whether or not real property belonging to the estate of a decedent is sold for a price disproportionate to its value is one which is always within the sound discretion of the court. It must consider all the facts of the case, including the value and condition of the estate, the necessity for funds, the state of the market, and all other matters bearing on the question. In the present case the court did not abuse its discretion in confirming the sale.

APPEAL from an order of the Superior Court of Los Angeles County confirming the sale of certain real property belonging to the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Stewart & Stewart, for Appellants.

R. Morgan Galbreth, and Robert G. Loucks, for Respondents.

SHAW, J.—The appeal is from an order confirming a sale of real estate. The property was sold for $866.52. Objections were made to the confirmation on the grounds, first, that the return showed on its face that the price was less than ninety per cent of its appraised value, and, secondly, that the price obtained was disproportionate to the value of the property.

The objections that the price was less than ninety per cent of the appraised value is disposed of by the fact that an appraisement made within a year prior to the sale showed that the property was worth only $750, whereas the sale was made for $866.52.

The question whether or not the property is sold for a price disproportionate to its value is one which is always within the sound discretion of the court. It must consider all the facts of the case, including the value and condition of the estate, the

necessity for funds, the state of the market, and all other matters bearing on the question. The only evidence relied on to overthrow the finding of the court on the subject is the testimony of a witness who lived in the vicinity that in his opinion the property was worth thirteen hundred dollars, some $433 more than the price obtained. On the other hand, it appeared that the appraisement of $750 had been recently made; that the sale was regularly advertised; that the administrator had been for a considerable length of time endeavoring to sell the property; that this was the only bid obtained; that the hearing upon the return of sale was set for the twenty-third day of June, 1915; that at that time these objections were filed; that the matter was continued from time to time thereafter until the 21st of July; that from the time of the return to the final hearing no additional bids had been obtained, and that there was no evidence that there was any prospect of obtaining any higher bid. All these facts tended to prove that the value was less than the witness believed it to be and that the price was not disproportionate thereto. Under these circumstances we think this court would not be justified in saying that the court below abused its discretion in confirming the sale.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.