[L. A. No. 4499. Department One.—April 17, 1916.]

In the Matter of the Estate of JASPER DUTCHER, Deceased.

WILL—SUBSCRIPTION BY TESTATOR—SIGNING BY WITNESSES ABOVE TESTATOR'S NAME.—The name of the testator, written a short distance below the body of a will, is subscribed "at the end thereof"; within the meaning of section 1276 of the Civil Code. The validity of such execution is not defeated by the act of the witnesses in thereafter inserting their signatures above that of the testator.

ID.—RELATIVE POSITION OF NAMES OF TESTATOR AND WITNESSES.—That section does not require that the testator's signature shall occupy any specific place with reference to the signatures of the witnesses.

ID.—PAROL EVIDENCE OF ACTS CONSTITUTING VALID EXECUTION.—The proponent of a will is entitled to show by oral testimony that the steps constituting a valid execution of the will had been taken, including the testator's subscription in the presence of witnesses, the declaration that it was a will, and the request that the witnesses sign as such.

APPEAL from a judgment of the Superior Court of Los Angeles County admitting a will to probate, and from an order refusing a new trial. James C. Rives, Judge.

The facts are stated in the opinion of the court.

William M. Hiatt, Edmund H. Hinshaw, and Howard R. Hinshaw, for Appellants.

T. C. Gould, for Respondent.

SLOSS, J.—A paper was admitted to probate as the last will of Jasper Dutcher. Thereafter certain heirs petitioned for revocation of the probate. They appeal from a judgment denying the petition. There is also an attempted appeal from an order denying a motion for a new trial, but such order was no longer appealable at the time the appeal was sought to be taken. (Code Civ. Proc., sec. 963, Amd. 1915, [Stats. 1915, p. 209].)

The contest was based on various grounds. One of these, and the only one here urged, is that the alleged will was not "subscribed at the end thereof by the testator." (Civ. Code, sec. 1276.) It appears that the document was written upon a single sheet of paper. It begins with the words "I, Jasper Dutcher, do make and publish this my last will." The body of the writing covers about three-fourths of the page. The signature of the testator, "J. Dutcher," appears halfway on the page, from right to left, about one and one-half inches below the last line of the text of the will. On the left of the page, about three-quarters of an inch below said last line, is the word "Witness." This is closely followed by the signatures of the witnesses, O. P. Kinnie and Calvin Dutcher, one over the other. These signatures are higher on the page than the testator's name, and Calvin Dutcher's writing is spread out so that his surname covers a space directly above the entire subscription of the testator.

It is argued by the appellants that the paper, on its face, indicates that the decedent signed as a witness, rather than as testator. The evidence shows without conflict that the testator signed first, and that Kinnie and Calvin Dutcher then signed as witnesses. The statute does not require that the testator's signature shall occupy any specific place with reference to the signatures of the witnesses. Section 1276 makes the same provision for the location of both classes of signatures. The testator must subscribe the will "at the end thereof," and the witnesses must "sign" . . . "at the end of the will." It cannot be doubted that the name of "J. Dutcher," written as it was a short distance below the body of the will, was subscribed "at the end thereof" (*Estate of*

*Blake,* 136 Cal. 306, 312, [89 Am. St. Rep. 135, 68 Pac. 827]).
The valid execution of the will could not be defeated by the
act of the witnesses in thereafter inserting their signatures
above that of the testator. It is argued that oral testimony
was not admissible to show that the testator signed ''with
testamentary intent.'' But the testimony was not offered, nor
was it required, for this purpose. Certainly the proponent
was entitled to show that the steps constituting a valid exe-
cution of a will had been taken. These steps included the
subscription of the will in the presence of witnesses, the
declaration that it was a will, and the request that the wit-
nesses sign as such. This proper testimony made it clear that
the testator's name had been subscribed ''at the end'' of
the will, before either witness had signed. The conclusion
that he had subscribed with testamentary intent did not rest
upon any testimony regarding his intent, but followed from
the face of the paper itself, as that paper stood immediately
after the testator had completed his signing. *Estate of Sea-
man,* 146 Cal. 455, [106 Am. St. Rep. 53, 2 Ann. Cas. 726,
80 Pac. 700], relied on by appellants, is entirely different
from this case. There the will had not been subscribed at the
end thereof. It was held, and the ruling was obviously cor-
rect, that the failure to comply with the statutory require-
ments for making a will could not be cured by evidence that
the testator intended to execute a will.

We may add that we think the will, as it stood when offered
for probate, and without regard to the order in which the
three names were written, shows plainly that J. Dutcher
signed as testator, and not as witness. It is quite clear that
the two names, beginning at the left under the end of the
word ''witness,'' are the names of attesting witnesses, and
that the third name, beginning far to the right, is that of
the person executing the will. Furthermore, the last-men-
tioned name corresponds to that of the person who, in the
opening clause, is declared to be the testator. The appel-
lants' contention really rests on the entirely accidental cir-
cumstance that Calvin Dutcher's signature occupies a con-
siderable space in length.

The appeal from the order denying a new trial is dismissed.
The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.