[Civ. No. 8445. First Appellate District, Division One.—May 28, 1932.]

In the Matter of the Estate of MANUEL SILVA GEORGE, etc., Deceased. ISABEL CARMO SOARES GEORGE et al., Appellants; WILBUR L. CAMP et al., Respondents.

Fred A. Shaeffer for Appellants.

J. M. Atkinson for Respondents.

Owen D. Richardson and Donald B. Richardson, *Amici Curiae*.

PARKER, J., *pro tem.*—This is an appeal from an order confirming sale of real estate in the Matter of the Estate of Manuel Silva George, Deceased. As noted in the caption, the said decedent was also known by other names.

Preliminary to a discussion of the points involved, we note the claim of respondent Camp that appellants are not parties aggrieved by the order and not proper parties to prosecute this proceeding. This contention is based upon the claim that the last will and testament of said decedent excludes contestants and appellants from sharing in the distribution and that there is no proof before the court below as to appellants' interest in the estate. An analysis of the conflicting claims and the authorities presented in support thereof would extend this opinion to exhaustive lengths and inasmuch as the attack upon the order may be fully considered and disposed of without such detail we expressly refrain from a determination of this question.

At all of the times covered by the present controversy the respondent Wilbur L. Camp was the duly appointed, qualified and acting executor of the last will and testament of the said decedent. No question is presented as to the regularity of the proceedings leading up to the appointment of said Camp or of his subsequent qualification. On March 23, 1931, the said executor filed in the superior court a return of sale of the real estate of the said decedent, together with

a petition for an order of said court confirming the sale. On the hearing of the said return of sale the contestants herein appeared and objected to the confirmation; and it might be here noted that not one of the grounds now urged by appellants was urged in the court below. However, as it is contended that the defects were and are jurisdictional and would for all time stand as clouding the validity of the sale, we ignore the proffered question of appellants' estoppel to urge these claims here.

It is appellants' first contention that the return of sale of real estate of a decedent as the practice now requires is in lieu of and a substitute for the former requirement of a petition for order of sale of real property. Therefore, argue appellants, the same strictness of construction and the same completeness of detail is necessary in the present return of sale as was formerly required in a petition for order to sell real estate. No authority is cited in support of this contention, nor is there any persuasive argument presented from principle.

Section 1536 of the Code of Civil Procedure gave to the executor the power to sell any of the real estate of the decedent's estate when it appeared to him that it was for the advantage, benefit and best interests of the estate and those interested therein.

The sections following 1536 provide the manner in which such sales must be conducted and the kind and character of notice required. Section 1552 provides that after making a sale of real estate the executor must make a return of his proceedings to the court and provides further for the hearing of said return by the court and the manner and form of notice thereof. Section 1552 then reads: "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and must examine the return and witnesses in relation to the sale, and if good reason does not exist for such sale, or if the proceedings for the sale were unfair or the sum bid disproportionate to the value and it appears that a sum exceeding such bid at least ten per cent exclusive of the expenses of a new sale may be obtained, the court may vacate the sale," etc. Under the former reading of section 1536 no discretion was vested in the executor, the section reading that a sale of real estate could be made only upon

o

the order of the court and such order was provided for only when it appeared to the satisfaction of the court that certain specified conditions existed which would necessitate the sale.

Under the reading of the section as amended, the sole and exclusive power and discretion rests with the executor, subject, of course, to the necessity of showing upon a hearing on the return that the facts support the exercise of the discretion given. Obviously the only test of the reasonable exercise of this discretion rests in the probate record, including the inventory and appraisement, claims presented and anticipated costs of administration. This record is a part of the court's files, and it would seem a forced construction to require that when an executor returns to the court his proceedings on sale that he reincorporate therein what is already before the court.

The executor derives his power from the code section 1536. When a sale of real property is necessary to pay the debts outstanding against the estate, or when a sale of real estate is deemed for the advantage, benefit and best interests of the estate, the executor is authorized to sell, and there is no provision in the law requiring preliminary proof on these facts. Whether an act is necessary or advantageous is always a matter of conclusion, and in the matter of the sale of real estate of a decedent, the conclusion is to be drawn, in the first instance, by the executor. Lest the discretion vested in the executor be arbitrarily exercised, section 1552 provides, upon the return of sale, that the court must examine into the necessity of the sale or the advantage, benefit and interest of the estate in having the sale made. Thus ample protection is given to the estate and those interested in the administration thereof. All that it is necessary for the executor to allege in his return of sale is that the sale was necessary to pay the debts outstanding or the costs of administration, or that such sale was for the advantage, benefit and best interests of the estate and those interested therein. This allegation may be in the exact language of section 1536, without alleging the facts upon which such conclusion is based.

Under section 1552 there are two distinct matters before the court: First, the necessity of the sale; and second, the manner of conducting the same and the price received for the property sold. This section provides that the executor,

after making any sale of real estate, *must make a return of his proceedings* to the court. The return of proceedings embraces all acts in the conduct of the sale as distinguished from the executor's determination that a sale was necessary or advantageous. ■ We hold that where an executor sets forth in his return of sale of real estate that it is necessary that said property be sold in order to obtain money to pay the debts of the estate and the expenses of administration, it is unnecessary to detail outstanding debts and the assets of the estate, though we may readily concede that it might be a better practice to do so. Mindful of the importance of the question, in so far as many prior probate sales might be disputed and vast interests unsettled and vexatious litigation ensue, it would merely encourage strife to hold that a sale or real estate under probate, in all other respects valid, should be held at naught for the sole reason that an allegation of this nature in a return was not supported by the computations which showed its exactness, where the entire record was already before the court and the allegation supported and found to be true. However, we are not regarding the required return of proceedings lightly. While there is, as indicated, a discretion vested as to the necessity for sale, yet when a sale is determined as necessary the manner of sale is outlined by the statute and the doctrine that the mode is the measure of the power comes into its fullest play.

The language of section 1552 is that the court upon the hearing must examine the return, obviously indicating that such return itself upon examination would disclose the proceedings. The section further provides that the court must examine witnesses in relation to the sale, expressly omitting the necessity of testimony on the proceedings leading up to the sale.

It is conceded that the powers of any executor are almost entirely statutory and the power of sale is exclusively so. Section 1552, in providing for the notice of the hearing on return of sale of real property, sets forth the manner of notice and directs that after describing in the notice the lands sold, reference must be made to the return for further particulars. This, too, indicates clearly that it was the legislative intent that any person interested might learn from the return itself the steps taken leading up to the sale. ■
We hold, therefore, that a fair construction of the statute

requires that the return show on its face a compliance with the requirements as to notice, posting and advertising, where necessary, and the fairness of proceedings. We may then test the return in the instant case. This return shows on its face a full compliance with the statute and the code sections governing. Rather than detail further the return itself we may review the particulars wherein appellants claim the same insufficient.

First, appellants contend that the return shows that notice of sale was not posted in three public places. The return specifies with particularity the places where the notices were posted, but the appellants insist that the places set forth in the return in fact were less than three. This contention deserves little comment. The court below found that the posting was sufficient. We are cited to the case of *Standley* v. *Knapp*, 113 Cal. App. 91 [298 Pac. 109], as controlling the instant case. Once and for all, let it be repeated that the cited case determined nothing other than the principle that a reviewing court would not take judicial knowledge of places and localities not generally known or subject to the rule of judicial notice. In the cited case the trial court had found that the posting was insufficient by reason of the fact that the places of posting were not separate and distinct; in other words, that what was claimed to be a posting in different places was in reality different postings in the same place. In the instant case the trial court's finding and order was that the places of posting complied with the requirements, and in the absence of any evidence to the contrary this finding cannot be disturbed. The contention of appellants here is that because the trial court in *Standley* v. *Knapp, supra*, found that the courthouse and hall of records in Los Angeles were one and the same place, that we must necessarily hold that the courthouse and the hall of records in San Jose must be the same place. A sufficient answer would be an expression of appreciation of the leavening humor interjected into a procedural discussion.

Next, appellants contend that the return is insufficient for the reason that it nowhere appears therein that the property was sold at ninety per cent of its appraised value or that any appraisement had been made within one year. This requirement is no part of the return inasmuch as sec-

tion 1550 provides that a new appraisement may be made at any time before confirmation. Further, this requirement does not limit the powers or duties of the executor but is a direct limitation upon the power of the court. In the instant case the record before the court showed that only four months or thereabouts had elapsed from the return of the original inventory and appraisement and the return of sale. Such appraisement showed the property to have been appraised at a valuation of $18,000, and the return of sale showed the property to have been sold at a gross price of $18,500, from which was to be paid a commission of $500. Likewise affirmative testimony before the court showed the appraised value to be a fair valuation and not disproportionate to the true value of the said real estate.

The next point urged is that the notice of sale at private sale did not show or specify the time within which or when the property would be sold. This contention is based upon the wording of the notice. The notice reads that the executor will sell at private sale to the highest bidder and "subject to confirmation by this Court on or after Monday the 23rd day of March, 1931", all the right, title and interest of the estate, etc. Appellants argue that this notice simply notifies all persons that the sale is subject to the confirmation of the court on or after March 23d and gives no notice of when the sale itself will be made. It is readily apparent that a court could not confirm the sale until after it was made. Appellants insist that every person reading the notice would know that it took ten days' notice before confirmation and that therefore the last day upon which a sale could be made under the notice was March 13, 1931. It is conceded that a sale on March 13th would have been invalid under the notice. However, we do not accept appellants' views on this. The entire attack rests upon the mechanical construction of the words. The lack of a comma following the word "Court" is all that supports appellants' argument. If we adopt the hypercritical attitude of appellants and scrutinize the notice, we can infer that anyone reading this notice must know that no legal sale could take place on March 13th, and indulging the presumption that the law is being complied with we would construe the notice as being that the sale itself would take place on or after March 23d.

The final point urged against the sufficiency of the return is that the said return on its face indicates that no sufficient notice was given. The contention is based upon the fact that the return is dated March 19, 1931, and the certificate of the notary attached to the return shows that said return was verified by the executor as of March 19, 1931. The return shows the sale to have been made on March 23d, and the notices given were to the effect that a sale would not be made prior to that date. It is not disputed that a sale cannot be made on the 23d and a return thereunder filed on the 19th of the same month. Yet the return itself was not filed until the twenty-third day of March. The only explanation made by respondent executor is that the dating of the return and the jurat thereon as of the 19th was an act of inadvertence. Inasmuch as the point was not urged at all in the court below where correction, if inadvertent, could have been made, we deem it worthy of scant consideration here. Had the return been filed on the 19th the situation would be different. Much may be said on this particular phase of the case, but we decline further discussion and refuse to interfere with the order appealed from, in so far as this ground is urged, solely on the ground that no claim was made thereon in the court below.

This concludes the review of appellants' argument on the procedure up to the date of confirmation. We deem it necessary to state here that the entire matter is with reference to the state of the law prior to the Statutes of 1931 and the present Probate Code.

It is next claimed by appellants that the court below abused its discretion in refusing to grant a continuance to permit the heirs to make arrangements to advance the money necessary to pay the indebtedness or to secure additional bidders. We will not detail all of the facts presented in the record. There seemed to be some discord and disagreement as to who represented the heirs; this from the fact that the question of heirship was still undetermined. Appellant Isabel George claims to be the widow of decedent. Appearance was made by another person also claiming to be the widow and the mother of the legatees mentioned in the will. Counsel for appellants did make some sort of an equivocal offer to raise the money necessary to pay off the indebtedness, but there was nothing positive or definite be-

fore the court. Said counsel wanted only the opportunity to go out and seek new bidders with no assurance that any could be found. It was also shown that a suit had been commenced by a mortgagee to foreclose on a claim against the real property, which if allowed to proceed would entail costs and additional burdens and possibly drive away all bidders. Under these conditions we can see no abuse of discretion in the refusal of a continuance.

The order appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.