[S. F. No. 15317. In Bank.—April 5, 1935.]

EMMA C. DUNCAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[S. F. No. 15318. In Bank.—April 5, 1935.]

EMMA C. DUNCAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

A. Don Duncan for Petitioner.

Walter H. Linforth and William H. Cannon for Respondents.

LANGDON, J.—Petitioners brought two proceedings, one for a writ of mandate and one for a writ of prohibition or *supersedeas*. Both involve the same parties and the same probate proceeding, and they are therefore considered together.

The decedent, Ernest C. Duncan, died intestate on January 11, 1933. His only heirs at law were his widow, Lucy N. Duncan, who became the administratrix, and his mother, Emma C. Duncan, petitioner herein. The widow claimed the entire estate as community property. Petitioner claimed half of it, contending that it was separate property. On December 1, 1933, the administratrix filed her final account and petition for distribution. Objections by petitioner were heard over a long period of time and overruled. On November 19, 1934, the court made its decree settling the final account. Petitioner took an appeal, which is now pending.

On the hearing of the application for letters of administration, petitioner herein objected to the fixing of the bond at the sum of $20,000, and later moved for an order increasing it. This motion was denied, and she brought her petition for a writ of mandate to compel the probate court to increase the bond for the protection of her alleged interest pending the appeal. An alternative writ was issued by this court. Subsequently, on January 8, 1935, the probate

court made its order requiring an additional bond in the sum of $63,000. This apparently gives petitioner sufficient protection and renders further action by this court on her petition unnecessary.

On November 19, 1934, almost a year after the final account of the administratrix had been presented, and after filing of the appeal from the final account, she filed a supplemental account covering transactions taking place after the filing of the final account. Petitioner then sought a writ of prohibition or *supersedeas* to prevent the court below from passing on the supplemental account, on the ground that the appeal divested the court of jurisdiction, and that the filing of supplemental accounts would result in a multiplicity of appeals and delay in settlement of the estate. This court made an order to show cause why a writ of *supersedeas* should not issue, and ordered all proceedings stayed pending the hearing.

Upon further consideration, we think petitioner fails to show the necessity or propriety of the relief she seeks. ■ The filing of a supplemental account at the time final distribution is sought, showing receipts and disbursements since the rendition of the final account, is expressly required by statute. (Prob. Code, sec. 1020.5; see *Estate of Sheid*, 129 Cal. 172, 175 [61 Pac. 920].) Moreover, in December 3, 1934, the administratrix served a notice upon counsel for petitioner removing from the supplemental account all references to the final account, and limiting the supplemental account strictly to receipts and disbursements since the filing of the final account. The supplemental account was consequently a collateral matter unaffected by the appeal from the decree settling the final account; an appeal does not divest the lower court of jurisdiction over such a matter. (*Hennessy* v. *Superior Court*, 194 Cal. 368 [228 Pac. 862].) ■ When the decree of distribution is eventually made, the items complained of may be reviewed on appeal therefrom, and no authority has been presented to us which would tend to show that such a remedy is inadequate.

The petition for a writ of mandate, and the petition for a writ of prohibition or *supersedeas* are, and each is, denied.

Preston, J., Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.