MAXIMILIANA SCHENK, Plaintiff, *v.* ANNA SCHWARZ et al., Individually and as Executors and Trustees under the Will of JOHN N. BOSE, Deceased, et al., Defendants.

Supreme Court, Special Term, Kings County, May 29, 1944.

*Charles H. Kriger* for plaintiff.

*Amendola & Silvy* for Daniel Rubin, purchaser.

HOOLEY, J. Motion by plaintiff for an order directing Daniel Rubin, the purchaser at the foreclosure sale, to complete his purchase by payment of the balance of the purchase price and to accept a deed of the premises from the referee. Cross motion by the purchaser for an order relieving him from the terms of sale and for a further order impressing a lien upon the foreclosed premises, 567–571 St. Johns Place, Brooklyn, New York, to the extent of $1,800 already received by the referee on account of the sale.

The purchaser asserts that the title is defective by reason of the failure to make parties defendant in the foreclosure action an unpaid legatee and a contingent remainderman who would be entitled to take the real property in the event that her mother died before the life beneficiary.

The bond and mortgage allegedly sought to be foreclosed was made by Anna Schwarz and Meta Beckman as executors and trustees of the last will and testament of John N. Bose, deceased. In and by the said last will and testament a trust was created for the benefit of Lena Bose who was the widow of the testator. The will provided that in the event Lena Bose remarried, then one-third part of the residue was to be given to said widow, Lena Bose, and the remaining two-thirds part was to be given to the testator's daughters, Meta Beckman and Anna Schwarz, in equal shares. Upon the death of Lena Bose, the remainder was to be divided between Meta Beckman and Anna Schwarz in equal shares and in the event of the death of either, the survivor was to take the share of the other unless the deceased left issue surviving, in which event the issue would

take the share of the parent. The life beneficiary and the remaindermen, Anna Schwarz and Meta Beckman, are living. The latter two are the trustees under the will and have duly qualified as such. They were sued individually and as executors and trustees in the foreclosure action. Lena Bose, the life beneficiary, was also made a party defendant and was served with process. The first objection made is that a contingent remainderman, a daughter of Meta Beckman, was not named as a party defendant. The other objection made is that there is no proof of the payment of a legacy to the United Lutheran Church of America. The purchaser complains that the title company examining the title will not insure the title because of these alleged defects in the foreclosure action.

The plaintiff, however, insists that there was no necessity for personally bringing in the parties who were omitted and relies therefor upon section 1079 of the Civil Practice Act, as amended by chapter 806 of the Laws of 1941, which provides, in substance, that where a trust has been created by will or by deed or by declaration of trust, the trustees of said trust who shall have duly qualified shall be made parties defendant and shall represent all persons who are or may become entitled to a beneficial interest in the property or an undivided share thereof or in the proceeds of sale thereof and all remaindermen who are or may become entitled to the reversion, remainder or inheritance of the property, without naming such beneficiaries or remaindermen as parties defendant. The said section 1079 further contains a similar provision with regard to duly qualified executors who are made parties defendant representing legatees.

This statute has no doubt simplified the previous machinery involved in the foreclosure of a mortgage. Simplicity of procedure, however, should not be the sole consideration in this departure from the time-honored method of foreclosing a mortgage, where every party having a lien, vested or contingent, inferior to the lien of the mortgage, was a necessary party defendant.

While the purchaser does not in his moving papers raise the question of the constitutionality of the amendment to the section in question, it is obvious that the basis of objection is upon the ground that the statute is in conflict with the Fourteenth Amendment to the Constitution of the United States. The title companies' refusal to accept the amendment as sufficient authority for dispensing with the names of the real parties in interest as parties defendant in foreclosure actions in certain cases where trustees and executors were made parties defendant, is

understandable. Very often the interest of a trustee in a contingent remainderman is most remote and it would seem highly desirable that the real party in interest should be made a party defendant, before such interest could be cut off. It must be kept in mind, however, that since the rights of descent and distribution of the estate of a decedent are created by the law of the State, they may be changed or taken away by the State unless the rights have become vested. (*Irving Trust Co.* v. *Day,* 314 U. S. 556, affg. *Matter of McGlone,* 284 N. Y. 527, which reversed 258 App. Div 596, and affirmed 171 Misc. 612.)

A situation akin to the case at bar arose in the case of *McCaughey* v. *Lyall* (224 U. S. 558). That case arose in California. The owner of the property who made the mortgage died intestate. The plaintiffs in that action were his children and heirs at law. They were not made parties defendant in a prior action brought to foreclose the above mortgage. The administratrix of the estate was made a party defendant in the prior action which proceeded to judgment and in which the premises were sold by the sheriff pursuant to the judgment to the defendant Lyall. It was the contention of the plaintiffs in the *McCaughey* v. *Lyall* action that upon the death of their father the law cast upon them the title to the land and that such title could not be divested from them in a suit in which they were not parties. By section 1582 of the Code of Civil Procedure of the State of California (now § 573 of the Probate Code of California), it was provided that " Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates ". The Supreme Court of California had previously in a number of cases construed section 1582 aforesaid to mean that an heir is not a necessary party with the administrator, but the heirs complained that such a theory of law was repugnant to section 1 of the Fourteenth Amendment to the Constitution of the United States which forbids any State to deprive any person of property without due process of law. The plaintiffs in the California case contended that they had neither notice nor opportunity to be heard, both of which were essential to jurisdiction of the person and were essential in order that the proceedings bind such person. Notwithstanding the apparent reason and logic in this argument the Supreme Court of the United

States held that the California statute, as construed by the Supreme Court of that State, was not unconstitutional as denying due process of law to the plaintiffs in that the legislative power of the State was the source of rights in real estate and of remedies in regard thereto which meant that it had the power to prescribe the procedural process in actions affecting such rights.

The case at bar is so similar to the California case that the decision in the latter case by the United States Supreme Court is decisive of it. Section 1079 of the Civil Practice Act and the procedure prescribed under it in the foreclosure action do not violate the Constitution of the United States. The theory of the decision is that just as the Legislature is the source of and has the power to create property rights in enacting statutes of descent and distribution, it has the equal power to prescribe procedural remedies in connection with the rights it has created. It follows that the trustees and executors having been made parties defendant in the foreclosure action, it became unnecessary to make parties defendant the legatee and the contingent remainderman. The plaintiff had the right to enter judgment without making a motion therefor and giving notice under the facts here presented. The title is good and the motion of plaintiff to compel the purchaser to complete his purchase is granted. Motion of purchaser to be relieved of his bid denied. Submit order on notice.