[Civ. No. 16210.   Second Dist., Div. One.   Apr. 13, 1948.]

ALBERT F. LEVY, Appellant, v. JACOB M. CYTRON et al., Respondents.

A. F. Levy, in pro per., for Appellant.

Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

WHITE, J.—This is an appeal from a judgment of dismissal entered after a demurrer to plaintiff's complaint was sustained and plaintiff failed to amend within the time allowed.
Plaintiff alleges in his complaint:

"This plaintiff and his mother, Carrie F. Levi, were the ancient occupants of the following described property. . . .

"The said Carrie F. Levi died testate . . . on the 3rd day of October, 1942, . . . and by the terms of her .will, duly

admitted to probate in this court after contest, this plaintiff and Clarence Levi became the fee simple owners of the within said real property.

". . . and the entire files and records (of said estate of Carrie F. Levi), by reference, are incorporated and made a part of this complaint.

"That prior to the admission of said will to probate and while said contest was pending and undetermined, or about November 12th, 1943, one Agnes Levi, in her personal descriptive title of 'Special Administratrix with General Powers' was claiming as a lone contestant against said will, some individual interest in said property and thereupon at the last said date deeded to the within named defendants all of her purported individual interest in said land. . . .

"Thereafter . . . this court then determined, that the said contestant, Agnes Levi take nothing by her contest and thereby the deed of the grantor to the within defendants conveyed no title, since the said Agnes Levi was not an heir of the decedent neither did she succeed to any part of the estate or have any interest whatsoever therein."

Up to this point it would appear that the deed given by Agnes Levi purported to transfer her individual interest in the property. However, the complaint continues as follows:

"On August 29th, 1945, a decree settling the final account and distribution was duly entered . . . and has long since become final. This plaintiff is the real owner of the within stated property . . . but . . . the within named defendants did wrongfully and unlawfully enter upon said premises . . . and unlawfully withhold this property from this plaintiff. . . .

"That prior to the *hearing for the conformation of the sale* of the within mentioned property, by this court the said defendant Kate Cytron, being fully informed in the law, orally agreed to abandon her purchase attempt of this property, but she appeared personally at the hearing and there urged its conformation. She held thereafter that some social advantage warranted her actions."

Plaintiff then alleged "as a further and collateral attack upon the utter want and lack of title," that a special administrator may not sell real property of a decedent's estate and that the probate court was without jurisdiction to confirm such a sale.

The complaint concluded with a prayer that it be adjudicated that defendants have no title to the property, that the property be restored to plaintiff, and for damages.

From the foregoing it is clear that the sale of which appellant complains was a sale by a special administratrix "with general powers," which sale was confirmed by the superior court sitting in probate. No charge was made of fraud or other irregularity. The sole possible ground upon which appellant could hope for relief is that the special administratrix with general powers was without authority to sell and the probate court without jurisdiction to confirm the sale. It is without merit.

Section 465 of the Probate Code provides:

"When a special administrator is appointed pending the determination of a contest of a will instituted prior to the probate thereof, or pending an appeal from an order appointing, suspending or removing an executor or administrator, the special administrator shall have the same powers, duties and obligations as a general administrator, and the letters of administration issued to him shall recite that such special administrator is appointed with the powers of a general administrator. If a special administrator has been appointed, and thereafter a proceeding to contest a will prior to the probate thereof has been instituted, the court shall make an order providing that such special administrator shall thereafter have the additional powers, duties and obligation(s) of a general administrator, . . . ."

The plain language of the above-quoted section leaves no room for construction. Its obvious purpose is to provide a general administration of the estate during the delay and uncertainty attendant upon a will contest or litigation over the appointment, suspension or removal of an executor or administrator. The order granting the special administratrix the additional powers authorized under section 465 of the Probate Code in effect made her letters general rather than special. (See *Dodson* v. *Gruener*, 28 Cal.App.2d 418, 421, 422 [82 P.2d 741].) Having all the powers of a general administratrix, she had the power to sell property of the estate.

The demurrer being properly sustained, and plaintiff having failed to amend within the time allowed, the judgment or order of dismissal was proper.

The judgment or order appealed from is affirmed.

Doran, Acting P. J., and Bartlett, J. pro tem., concurred.

A petition for a rehearing was denied April 28, 1948, and appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.