[Civ. Nos. 16257, 16486.   Second Dist., Div. Two.   Oct. 5, 1948.]

Estate of ETTA KENNEDY, Deceased. RALPH G. LIND-STROM et al., Respondents, v. MIGNON C. HAGLUND et al., Appellants.

Walter Gould Lincoln for Appellants.

Clarence G. Weisbrod, in pro. per., William C. Bartlett and Lindstrom & Bartlett for Respondents.

MOORE, P. J.—These are appeals from orders of the superior court sitting in probate confirming a sale of real property by a special administrator with general powers, allowing a creditor's claim, and admitting a will to probate and disallowing a prior will.

Etta Kennedy departed this life on October 25, 1946, leaving two writings purporting to be wills. The first, dated January 24, 1945, devised certain real property to appellant Haglund, the residue to appellant Friday who was named executor. The document dated May 23, 1945, devised the same realty to others and by a codicil thereto dated October 3, 1946, designated Clarence Weisbrod executor. Both instruments having been duly offered for probate, by reason of the anticipated delays to be caused by will contests, respondent Lindstrom was appointed special administrator with general powers on December 16, 1946.

On February 13, 1947, Lindstrom, as special administrator, filed a return of sale of the real property and household furnishings which by the first will had been devised to appellants and petitioned the court for confirmation of the sale. He alleged that it was "for the advantage, benefit and best interests" of the estate and the beneficiaries thereof that such property should be sold. Over appellants' objections the court found in accordance with such allegation and confirmed the sale.

Appellants attack the sale on three grounds:

(1) They assert that the advertisement asking for bids contained a statement that "such real and personal property will be offered separately," but were not. This was not true. The notice of sale, after specifying the time and place

of sale and describing the realty proceeded to recite that "*also* as a unit with said real estate, all furniture and furnishings except the oriental rugs, *or* separate bids will be received for either realty or furnishings." Such notice was a sufficient basis for the sale either as a unit or separately.

■ (2) The order of confirmation is attacked also upon the ground that it was an "attempted equitable conversion." Such a conversion is effected only by a testator and derives solely from his intention as expressed in his will. (*Estate of Gracey,* 200 Cal. 482, 488 [253 P. 921].) Courts do not as a rule change the quality of devised property unless so directed by the decedent. (*Ibid.,* p. 489.) But this doctrine does not prohibit the probate court from selling devised property if the circumstances dictate the sale to be most advantageous to the estate. The court below was confronted with a will contest. The first purported will bequeathed the real property to a "friend." The subsequent writing made no special bequest of the realty but all her estate was devised to her son and he was named executor. ■ To protect the estate against potential loss the special administrator was appointed. Having sold the house and furnishings in the exercise of his general power, confirmation of the sale could not be denied. (Prob. Code, § 465; *Levy* v. *Cytron,* 84 Cal.App.2d 827 [191 P.2d 816].) *Crouse* v. *Peterson,* 130 Cal. 169 [62 P. 475, 615], contains nothing to the contrary. In the absence of proof of fraud in procuring confirmation of such a sale the order will not be disturbed. (*Baldwin* v. *Stewart,* 218 Cal. 364 [23 P.2d 283]; *Estate of George,* 123 Cal.App. 733, 736 [12 P.2d 86].)

■ (3) The contention is made that the real property vested in Mrs. Haglund at the death of Mrs. Kennedy by virtue of the terms of the first will. Such vesting of the title of a decedent's property is subject to administration. (*Reed* v. *Hayward,* 23 Cal.2d 336, 340 [144 P.2d 561]; Prob. Code, §§ 300, 28.) The court having authorized a conveyance of the devised property in the course of administration, Mrs. Haglund's consent to the conveyance was unnecessary. Indeed the court's rejection of appellants' proposed will completely disposes of her claims.

■ It is contended that the court lost jurisdiction to determine the will contest after the appeals from the order of confirmation had been lodged in this court. Appellants lose sight of the fact that the estate of a decedent passes into the custody of the state, to be by its agencies and instrumentalities *managed* until creditors are paid and the rights of

devisees and heirs are established. While it reposes in such custody the superior court sitting in probate is authorized to determine the validity of wills and of creditors' claims, the rights of rival heirs, the necessity of sales and other incidents of winding up an estate. Each act of the court is an independent step in the administration. A decision as to one is not an adjudication of the others and does not divest the court of the power to hear and determine problems that are collateral to the proceeding in which an appealed order has been rendered. (*Duncan* v. *Superior Court*, 3 Cal.2d 143, 145 [44 P.2d 356]; *Estate of Waters*, 181 Cal. 584, 585 [185 P. 951]; Prob. Code, § 1240.) An appeal from a prior order made in the course of administration of an estate does not suspend the powers of the probate court to make further orders. (*Estate of Duraind*, 51 Cal.App.2d 206, 211 [124 P.2d 330].) A statute that would prohibit the probate court from administering an estate pending the appeal of an order made in due course would be intolerable. Such a law would return us to the days of Jarndyce and Jarndyce and seriously retard final distribution of estates.

Appellants' next contention is that testator's codicil dated October 3, 1946, should not have been admitted to probate since the signature thereon is erratic, is poorly written and does not correspond with the signatures on the two wills. As evidence, appellants append to their brief photostatic copies of the three signatures for comparative values. The difference in signatures is readily apparent. But it is the difference between feebleness and strength, sickness and health, a broken body and one that is strong. If there are dissimilarities, the similarities are more striking. The probate court having determined that the same hand signed the three instruments its finding will not be upset on the *ipse dixit* of appellants that testator did not sign the instrument which merely substituted Mr. Weisbrod for her deceased son as executor. Thus, even if the codicil were excluded the will itself would stand and the court would appoint a new executor to replace him who had been removed from the terrestrial scene. Appellants' contention even if meritorious would avail them nothing.

Other contentions refer to nonessentials. Inasmuch as all three appeals are based upon the same arguments answered above, the orders are all affirmed.

McComb, J., and Wilson, J., concurred.