[Civ. No. 3994. Fourth Dist. June 16, 1950.]

Estate of CARRIE E. DENLINGER, Deceased. ROY G. DENLINGER, Appellant, v. AVA LUTON, as Executrix, etc., Respondent.

Allen G. Mitchell for Appellant.

C. Rupert Linley for Respondent.

GRIFFIN, J.—Objector and appellant herein, Roy G. Denlinger, is the son of decedent. Under the terms of her will he is entitled to an undivided one-third interest in the estate. After the will had been admitted to probate and during the course of administration, the executrix, Ava Luton, daughter of deceased, filed a petition to sell, at private sale, to the highest bidder, subject to confirmation by the court, the ranch property inventoried in the estate and appraised at $15,000. The sale was duly noticed. A bid in the sum of $16,000 was received for the property from Kermit G. Heise, son-in-law, and Lottie L. Heise, daughter of the executrix. A return of sale and petition for confirmation was filed on May 16, 1949. Appellant filed an objection thereto upon the grounds that the sale was conducted contrary to the provisions of section 583 of the Probate Code and voidable for the reason (1) of the relationship of the bidders to the executrix; (2) that the sale was not necessary for the payment of debts or costs of administration

since objector offered to pay into court such costs; and (3) that there was not sufficient evidence upon which the court could find that the sale was for the advantage and interest of the estate.

Upon the hearing of the petition to confirm the sale, there being no other bidders, the court confirmed it subject to the objection filed. On hearing the objection, evidence was taken on the subject which may be summarized as follows: The property was advertised for sale over a considerable length of time. Prospective purchasers visited the property but no other bids were received. The ranch property, which was impracticable of partition, was about the only asset of the estate. The other item was personal property appraised at $480.58. Appellant is the only objector. The two remaining devisees, other than the executrix, were satisfied with the sale. The executrix had resided on the property for about 15 years prior to the death of her mother. Her daughter and son-in-law also resided there. The undisputed evidence is that the bidder and his wife negotiated a loan from one Minor for $7,000. As security, they were to execute a first trust deed on the property when the sale was confirmed. They deposited $1,600 of their own money, which accompanied the bid. They arranged for a loan from their great-aunt for the balance of the purchase price and costs, amounting to about $7,500. The executrix testified she agreed to repay the great-aunt that amount and to take a note and second trust deed on the ranch from the Heises as security for the repayment of that amount when her distributive share came to her; that she was not taking title to the property but made this loan because she wanted to put her money out at interest; that she was crippled and living with her daughter until further arrangements could be made. She testified she was not purchasing the property for herself either directly or indirectly.

After the hearing the court overruled the objection, found that the executrix practiced no fraud, was not interested in the sale either directly or indirectly, that it was necessary and for the best interests of the estate that the property be sold, and it approved the sale.

In support of appellant's first claim he cites *Strudthoff* v. *Yates,* 28 Cal.2d 602 [170 P.2d 873]; 11B California Jurisprudence, page 56, section 670; 34 Corpus Juris Secundum, page 562, section 599a; and 131 American Law Reports 990-1003. The Strudthoff case is no authority for the claim here

made because the evidence here indicated that the executrix never acquired any title to the property, directly or indirectly, and the court so found. [1] The mere relationship of the bidder here involved, alone, would not necessarily, in and of itself, force a finding that the sale should be voided.

In 34 Corpus Juris Secundum 562, section 598, cited by appellant, it is stated that:

". . . a sale to a near relative, or the husband or wife, of the personal representative usually is voidable, and under some statutes a purchase by the wife of the personal representative is void. Near relationship between the representative and the purchaser does not compel an inference of fraud, but is merely a circumstance to be carefully considered with the other circumstances of the case."

The trial court's finding precludes further discussion on the subject. (*Chichester* v. *Seymour,* 28 Cal.App.2d 696 [83 P.2d 301].)

■ As to the second and third contentions, we see no merit. There apparently was insufficient property remaining in the estate to pay costs of administration. At the conclusion of the hearing on the objection, appellant offered to advance money covering such costs to avoid a sale of the property. The court said that such offer was not then properly before the court, and denied this request. Appellant claims error and cites *Estate of Rawitzer,* 175 Cal. 585, 592 [166 P. 581], which is factually dissimilar.

Under sections 754 and 785 of the Probate Code, when a sale of property of an estate is necessary to pay debts or expenses *or* when it is for the advantage, benefit and best interests of the estate and those interested therein that any property of the estate be sold, the executor or administrator may sell the same, either at public auction or private sale, using his discretion as to which property to sell first. And if it appears to the court that good reason existed for the sale, that the sale was legally made, and fairly conducted, the court shall make an order confirming the sale and directing conveyance to be executed.

Here, the property, if distributed in kind, would go to the devisees, one of whom was a minor. The trial court rightfully concluded that it would not be practical to here order distribution and later have proceedings brought to partition the property, in which case a sale no doubt would likely be ordered. The will provided that the executrix manage decedent's estate

and granted her such authority, "until such time as in her discretion it may be sold."

The trial court had a right to consider all of these factors in determining whether the sale was for the advantage and best interests of the estate and those interested therein. Upon general principles, the court, in confirming a sale of property, should exercise a sound discretion with a view to the best interests of those who are or may become interested in the proceeds. It being a matter of discretion, the action of the trial court must stand on appeal unless an abuse of that discretion appears. (*Estate of Bazzuro*, 161 Cal. 71, 76 [118 P. 434]; *Estate of George*, 123 Cal.App. 733 [12 P.2d 86]; *Estate of Da Roza*, 82 Cal.App.2d 550, 553 [186 P.2d 725]; *Estate of Scott*, 172 Cal. 485 [157 P. 242].)

The court's finding on this subject is supported by the evidence and is conclusive on appeal.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 10, 1950.