defendants in an automobile negligence action; also appeals by both defendants from an order denying a motion for a new trial.) Present — McCurn, P. J., Kimball, Wheeler and Van Duser, JJ.

■ In the Matter of the Accounting of PHILIP M. LIEBSCHUTZ et al., as Executors of EVA B. KLONICK, Deceased, Respondents. RALPH KLONICK et al., Appellants; ANDREW G. CELLI, as Special Guardian, Respondent.— Order affirmed, without costs of this appeal to any party. Memorandum: Appellants, being persons interested in the estate of Harry Klonick, deceased, collaterally attack a judgment of the Superior Court of the County of Los Angeles, California, which directed his executor to convey real property within the jurisdiction of that court. Under the governing California law, it was unnecessary that appellants be made formal parties to the action terminating in that judgment (Cal. Probate Code, § 573; *McCaughey* v. *Lyall,* 152 Cal. 615, affd. 224 U. S. 558; *McNeil* v. *Dow,* 89 Cal. App. 2d 370). The executor represented their interest. Neither was appellants' consent to the conveyance necessary (*Estate of Kennedy,* 87 Cal. App. 2d 795). The constitutionality of the California procedure is settled (*McCaughey* v. *Lyall, supra*), and the judgment having been obtained in compliance therewith, it is entitled to full faith and credit in the courts of this State. All concur. (Appeal from an order of Monroe Surrogate's Court dismissing a claim against the estate of decedent.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See *post,* p. 798.]

■ RAYMOND E. BAKER, as Administrator of the Estate of DANIEL J. BAKER, Deceased, Appellant, v. CITY OF SYRACUSE, Respondent.— Amended judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from an amended judgment of Onondaga Trial Term dismissing the complaint in an action for damages for death of plaintiff's intestate alleged to have resulted by reason of negligent guarding of stream adjacent to city street.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See *post,* p. 931.]

■ JACOB F. ZIPPRICH, Respondent, v. SMITH TRUCKING COMPANY, INC., Appellant.— Judgment and order affirmed, with costs. All concur, except Vaughan and Wheeler, JJ., who dissent and vote for reversal and for granting a new trial on the ground that the verdict is excessive. (Appeal from a judgment of Onondaga Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial on the ground that the verdict was excessive.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■ WILLIAM H. CREASER, Respondent, v. SMITH TRUCKING COMPANY, INC., Appellant, et al., Defendants.— Judgment and order affirmed, with costs. All concur, except Vaughan and Wheeler, JJ., who dissent and vote for reversal and for granting a new trial on the ground that the verdict is excessive. (Appeal from a judgment of Onondaga Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial on the ground that the verdict was excessive.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■ MADELEINE L. STONE, Respondent, v. LESTER E. STONE, Appellant.— Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed. Memorandum: The separation agreement provides: " that in computing said net income of the First Party, it shall be adjusted so as to allow for charitable deductions made through his business or businesses not more than the average ratio of such charitable deductions made