[Civ. No. 4231.  First Appellate District, Division Two.—May 22, 1922.]

## SOPHIA C. LUITWIELER, Respondent, v. SAMUEL W. LUITWIELER, Appellant.

[1] DIVORCE—EXCLUSION OF HUSBAND FROM RESIDENCE OF PARTIES—ORDER PENDENTE LITE — ABUSE OF DISCRETION. — An order made pending the hearing of an action for divorce directing that the husband forthwith deliver the keys to the family homestead to counsel for the wife and that he thereafter remain away from such residence until the further order of the court is an abuse of discretion in the absence of a showing of committed or threatened physical injury to the wife.

APPEAL from an order of the Superior Court of Los Angeles County excluding the husband from family dwelling pending hearing of action for divorce. Thomas O. Toland, Judge. Reversed.

The facts are stated in the opinion of the court.

Taylor & Forgy for Appellant.

Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

STURTEVANT, J.—This is an appeal from an order restraining the defendant. The order was issued pending the hearing of a divorce case. What cause of action is pleaded in the divorce case does not appear. The appellant has brought up the order, his notice of appeal therefrom, and the bill of exceptions. The order appealed from might more properly be termed five several orders all contained in

one paper. We have inserted our own numbering, but otherwise the charging part of the orders is as follows:

"1. It is Hereby Ordered, Adjudged and Decreed, that said defendant, until the further order of this Court, be and he is hereby ordered to forthwith vacate the residence of plaintiff known and designated by number and street as No. 2114 South Crenshaw Boulevard, Los Angeles, California;

"2. It is Further Hereby Ordered that defendant refrain from, either directly or indirectly, disturbing, speaking to or writing to, or in any other manner communicating with plaintiff until the further order of this Court;

"3. And It is Further Hereby Ordered that defendant may lock the room in said premises wherein his personal belongings are contained, and retain the key to said room;

"4. And It is Further Hereby Ordered that said defendant shall forthwith deliver to counsel for plaintiff the key to the front door of said premises and any other keys that will give defendant ingress to said premises, or any part or portion thereof;

"5. It is Further Hereby Ordered that C. A. Rees, as Receiver, appointed by this Court in action No. B–83955, in Interlocutory Decree entered therein, be and he is hereby required to pay to the defendant herein the sum of One Hundred ($100.00) Dollars per month upon the first day of each and every month until the further order of this Court, and charge the same to said defendant in said action, relating back to and commencing with the first day of September, 1921."

The appellant concedes that the second order was within the power of the trial court. Therefore it is eliminated from attack. The third order appears on its face to be a permission granted to the defendant and was not adverse to him. The fifth order may also be said to be a permission granted to the defendant and not an order adverse to him. Therefore, we will address ourselves to orders one (1) and four (4). Those two orders are, in legal effect, a direction that the defendant forthwith deliver the outside door keys to the plaintiff and thereafter to remain away from the residence of the plaintiff until the further order of the court. From the bill of exceptions it appears that

the residence mentioned is the residence of both parties,—indeed, that it is the homestead of said parties; that the plaintiff and defendant are husband and wife; that both of them are seventy-four years of age or thereabouts and that an unmarried daughter and at least one son are members of the same household. It also appears that the plaintiff was, on the fourteenth day of September, 1921, confined to her bed; that she had suffered from two strokes of paralysis and was in a nervous condition; that she occupied a room upstairs in a roomy house and defendant's room is downstairs. In his affidavit the defendant claimed that his properties were being withheld from him by his wife and that he had commenced an action against her to recover the same and had progressed to a point where a receiver had been appointed and the receiver had obtained possession of certain of the properties, but the defendant had not obtained physical possession thereof. The daughter, Adelaide, acted as secretary for her mother. In the affidavit of the daughter it is stated: "That on the fourteenth day of September, 1921, said defendant stated in the hearing of plaintiff that if he did not receive from her the sum of one thousand dollars immediately he would sell the household furniture and furnishings of plaintiff; that defendant accused one of his sons of stealing his, defendant's, shoes; that the conduct and statements of defendant caused plaintiff to become extremely nervous and ill and caused plaintiff to cry; . . . that defendant called in the police. . . . That defendant conducted himself in a loud, angry and belligerent manner; that plaintiff heard the altercation between defendant and his said son, and the conversation between the police officers and the defendant and said Doctor Wilson; that the conduct of said defendant resulted in plaintiff crying and caused her to become extremely nervous and ill. That affiant fears that if said defendant is not removed from said residence his conduct may result in the death of the plaintiff herein, affiant's mother." Some of the foregoing facts are corroborated in the affidavit of Doctor L. E. Wilson. The doctor also states: "That it is absolutely necessary that the plaintiff herein be kept quiet and undisturbed, and that the presence of the defendant in the house with plaintiff excites her to such a degree that it is highly dangerous." There is no

statement in the evidence that the defendant has threatened physical injury or that he has been guilty of physical injury to the plaintiff. [1] Under these circumstances it may not be said that the trial court was acting within a sound discretion in making the order excluding the defendant from his residence pending the hearing of the divorce case. In so ruling we are not to be understood as holding that the order is proper or can be made under other circumstances. Provisional remedies in divorce cases are the matter of statutory regulation. (*Grannis* v. *Superior Court*, 146 Cal. 245, 256 [106 Am. St. Rep. 23, 79 Pac. 891]; Civ. Code, secs. 136–148.) Counsel have not called to our attention and we find no statute in California authorizing the making of such an order. In Iowa the supreme court recently held in *Moir* v. *Moir*, 182 Iowa, 370 [165 N. W. 1001], that an injunction would not be issued in a divorce case to prevent a wife from killing her husband, the court saying: "According to the plaintiff, one who has made it clear that she has murderous intentions, and has given probable cause to believe that she will carry them out, will be adequately restrained by an injunctional order. This means that, while the punishment for murder will be no deterrent, the danger of comparatively very mild punishment for contempt of court will insure safety from murderous attack. Another differentiation from the usual is that the husband will suffer great impairment in health and may even suffer death because the wife uses profane and abusive epithets. The claim first adverted to will receive no serious consideration here. There is no imminent danger of murder on the part of one who will desist because a restraining order issues. It might be added that such order is not supposed to be usually available to restrain the commission of a crime." In *Chapman* v. *Chapman*, 25 N. J. Eq. 394, the wife alleged the adultery of her husband. By an interlocutory motion she asked that he be excluded, pending the litigation, from the house which she alleged was her own property. The court said: "The question here is, whether this court will exclude the defendant from the house in which he and his wife reside with their family, and where as yet he has a right to dwell, merely because his wife has filed her bill for divorce on the ground of adultery. To do so would,

to say the least of it, be to prejudge him. Certainly, the proposition that a husband against whom his wife files a bill for divorce on the ground of adultery, is, in case she claims to be the owner of the house in which they dwell, to be banished from his home until it shall have been determined by the result of the litigation whether his wife's charges are well or ill founded, is novel and extraordinary. It cannot be maintained. The prayer of the petition is denied, and the petition dismissed."

The respondent objects to the bill of exceptions being used by appellant because it does not contain an exception. It does not expressly contain an exception, but the statute writes into such a bill certain exceptions. (Code Civ. Proc., sec. 647.)

The respondent objects to a consideration of appellant's main point to the effect that orders one (1) and four (4) were improperly made. In making this objection respondent claims that the appellant is resting his case on the proposition that certain findings are not supported by the evidence. But, as we understand the appellant he is not making such a claim nor is he claiming that the trial court should have made findings in ruling on a mere motion. (*Waller* v. *Weston,* 125 Cal. 201, 204 [57 Pac. 892].) We understand him to be claiming that the evidence received did not warrant injunctive relief either mandatory or prohibitory in so far as orders one (1) and four (4) are concerned.

For the reasons herein set forth orders hereinabove numbered one (1) and four (4) are reversed.

Langdon, P. J., and Nourse, J., concurred.