[Civ. No. 1217.  Fourth Appellate District.—May 23, 1933.]

LOUISA G. WOOD, Respondent, v. THE PETERSON FARMS COMPANY (a Corporation) et al., Appellants.

E. L. Medler and Clark Clement for Appellants.

Harry W. Chase for Respondent.

BARNARD, P. J.—This is an action to foreclose a mortgage in which the complaint was filed on May 19, 1930. The return of summons shows personal service on the various defendants on May 28 and May 31, 1930, respectively. Judgment was entered on December 29, 1930. On October 20, 1931, the defendants filed what they designated as a "Notice of Motion for Opening Default" in the body of which notice was given that on October 26, 1931, they would move to have "the judgment entered by default against the defendants" set aside. This motion came on for hearing at

the time named and an order was entered denying the motion, from which order this appeal is taken.

The first contention seems to be that this motion was made upon the general ground that the appellants had never been served with summons in any manner and .was not made under section 473 of the Code of Civil Procedure, and, therefore, that the court erred in permitting evidence at the hearing which tended to show that the appellants had knowledge of the pendency of this action before judgment was entered. For the present purposes it may be conceded that a motion may be made, independently of section 473 of this code, to set aside a judgment upon the ground that it is based upon a false return of personal service on the defendants (*Waller* v. *Weston,* 125 Cal. 201 [57 Pac. 892, 893]; *Smith* v. *Jones,* 174 Cal. 513 [163 Pac. 890]). Not only may the admission of this questioned evidence be probably explained by the fact that the appellants, in their notice of motion, stated that the same would be based upon the grounds that none of them were at any time served with summons and also "that none of said defendants had knowledge of the pendency of said action or of the judgment therein until long after said judgment had been rendered", but it appears that a part of the evidence objected to was material as throwing light upon the question as to whether the parties had been, in fact, served. Conceding that a part of this evidence was immaterial, no prejudice appears and the court had before it ample evidence that the appellants had been personally served at the time set forth in the return attached to the summons, which fully supports the order made.

The principal point raised is that the order appealed from is void because the court did not make a specific finding to the effect that the appellants had been personally served. In *Waller* v. *Weston, supra,* a case similar in principle to the one now before us, the court said:

" . . . it is contemplated by our law that findings of fact shall be made only upon issues joined by the pleadings under section 590 of the Code of Civil Procedure, where the decision of the court following the findings is a judgment. Findings of fact and conclusions of law, therefore, had no proper place in this proceeding."

In *Waymire* v. *California Trona Co.*, 176 Cal. 395 [168 Pac. 563, 565], we find the following:

"Appellant claims that the findings in this case were prematurely signed, because proposed findings were not served upon him five days before they were signed. It does not appear, however, that there were any findings other than a review of the facts in the order of dismissal. The universal practice in this state is not to require findings on an order made after motion."

Similar views are expressed in *Luitwieler* v. *Luitwieler*, 57 Cal. App. 751 [207 Pac. 931], and in *In re Principal*, 101 Cal. App. 669 [282 Pac. 26]. No finding was necessary and the order made disposed of the matter presented by the motion.

The order appealed from is affirmed.

Jennings, J., and Andrews, J., *pro tem.*, concurred.