[Civ. No. 11223.  First Appellate District, Division One.—January 23, 1940.]

In the Matter of the Estate of WILLIAM H. MURPHY, Deceased.  ESTHER MURPHY et al., Appellants, v. CHRISTIANA MURPHY, Administratrix, etc., Respondent.

William H. Hollander, Van A. Neher and Nathan Kessler for Appellants.

Ralph H. Wight for Respondent.

WARD, J.—An appeal from decrees settling a revised final account, an account supplemental thereto and from an interlocutory judgment of partition appointing and authorizing a referee to apportion the respective interests of the widow and five children in the matter of the estate of William H. Murphy, deceased. The revised final account was a final determination to August 1, 1937. It was approved on February 18, 1938, and filed the following day. A formal notice of the entry of this decree was not served upon appellants. However, on March 24, 1938, a notice of hearing of a supplemental

account was served upon them, which notice contained references to the February 18, 1938, decree. In addition it may be noted that appellants actively participated in settling the revised final account. The supplemental account covering a period from August 1, 1937, to March 1, 1938, was approved April 13, 1938. The notice of appeal from the above decrees was filed May 4, 1938.

In the brief filed by Christiana Murphy, the respondent, there appears a motion to dismiss the appeal from the decree settling the revised final account on the ground that the notice of appeal was not filed within the time allowed by law.

Section 1240 of the Probate Code provides for an appeal from an order settling an account of an administratrix, and section 939 of the Code of Civil Procedure fixes the time within which such appeal must be taken as sixty days from the entry of the judgment or order. This last section is applicable to appeals in probate matters by virtue of section 1233 of the Probate Code. Formerly section 1715 of the Code of Civil Procedure provided for appeals in probate matters, but this section has been omitted from the Probate Code. (Stats. 1931, p. 687; Prob. Code, sec. 1700.) The filing of a signed decree is equivalent to entry "at length in the minute-book of the court". (Prob. Code, sec. 1221.) The statute does not require service of notice of entry of the decree settling the revised final account. (*Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459]; *Nagelmann* v. *McIntyre,* 27 Cal. App. (2d) 621 [81 Pac. (2d) 466]; *Kocher* v. *Fidelity & Deposit Co.,* 137 Cal. App. 474 [30 Pac. (2d) 535]; *Cook* v. *Cook,* 208 Cal. 501 [282 Pac. 385].)

The appeal from the decree settling the revised final account must be dismissed notwithstanding a formal motion has not been filed and the point not raised until the filing of respondent's brief. The requirements as to the time for taking appeals are mandatory, and this court is without jurisdiction to consider the appeal from this particular decree. (*Estate of Smead,* 12 Cal. (2d) 20 [82 Pac. (2d) 182]; *Estate of Vizelich,* 123 Cal. App. 651 [11 Pac. (2d) 870]; *People* v. *Lewis,* 219 Cal. 410 [27 Pac. (2d) 73]; *Estate of Brewer,* 156 Cal. 89 [103 Pac. 486]; *Estate of Pearsons,* 119 Cal. 27 [50 Pac. 929]; *Smith* v. *Questa,* 58 Cal. App. 1 [207 Pac. 1036]; *Irving* v. *Sheetz,* 26 Cal. App. (2d) 751 [80 Pac. (2d) 502].)

■ Where an appeal is taken from several decrees, the court is limited to a consideration of those entered within the sixty-day period (*Guaranty Trust & Sav. Bank* v. *Los Angeles*, 186 Cal. 110 [199 Pac. 35]) unless one not entered within that time is merely an interlocutory order (*Perry* v. *West Coast Bond & Mortgage Co.*, 136 Cal. App. 557 [29 Pac. (2d) 279]) or is so connected and interwoven with the others that an injustice would occur from its determination as separate from and without reference to the others. ■ But if the first is a final determination, followed perhaps by a supplemental report covering a subsequent period (Prob. Code, sec. 1020.5) or by an executory order directing partition of the property (Prob. Code, sec. 1104) to carry into effect the judgment, order or decree, then the first order or decree is conclusive and therefore *res judicata;* and those following merely collateral (*Duncan* v. *Superior Court,* 3 Cal. (2d) 143 [44 Pac. (2d) 356]). In this proceeding the first decree of February 18, 1938, was a final determination to August 1, 1937. The second, as of April 13, 1938, covered a period from August 1, 1937, to March 1, 1938, together with adjustments to conform to the decree previously made.

■ Eliminating the appeal from the revised final account, the record discloses that the interlocutory decree appointing a referee to partition the property is only a directive order to make effective a decree of distribution. The allotment approved by the court, unless modified for good cause upon reasonable notice, is controlling, but reviewable on appeal. (Prob. Code, sec. 1106.) The record discloses that a demurrer and subsequently an answer were filed, the latter alleging in substance that a complete and satisfactory accounting had not been made. The interlocutory decree in partition sets forth that oral and documentary evidence was submitted but our attention has not been called to such evidence except by way of appellants' claim that the three decrees are so interwoven and interlocked that the evidence in one applies to each of the other two. Considerable evidence appears relative to the supplemental account covering a period from August 1, 1937, to March 1, 1938, but it does not appear to be particularly directed in opposition to the petition for partition. The transcript of evidence shows an objection to the selection of a referee but there is a statement by one of the attorneys for appellants that ''I have a

petition for partition there before the court now''. In other words, each side requested a partition of the property.

■ Appellants contend that the points raised in their opening brief with regard to the revised final account apply *in toto* to the supplemental account. As a rule, in probate proceedings an order is conclusive as to the subject which it purports to adjudicate. The revised final account is a final determination as to the matters presented therein and may not be reviewed on an order settling a supplemental account, provided the supplemental account involves only matters subsequent to the revised final account. (*Duncan* v. *Superior Court, supra.*) The decree settling the supplemental account is not so interwoven with the decree settling the revised final account that an appeal from the former necessarily requires a review of the matters involved in the latter. An examination of the two decrees demonstrates that they are independent of each other. What references appear in the decree settling the supplemental account are merely references to matters ordered performed by the decree settling the revised final account, and the supplemental decree determines whether these orders have been carried out. Under such circumstances appellants should have appealed from the first decree. The rule of liberal construction so as to permit appeals to be determined on their merits cannot be used to confer jurisdiction on this court where jurisdiction otherwise would not exist.

■ Appellants filed specific objections to the supplemental account, setting forth that certain items of expenses contained therein were not incurred in the farming operations of the Murphy estate; that the administratrix had not charged herself with rents assessable to her, nor charged three of the children with amounts due from them; that the account did not accurately reflect the true status of the income and disbursements, or the assets, of the estate, nor the distributive shares of the respective parties; that certain advances or charges against appellants were incorrect and contrary to law, and likewise certain credits to the other children, and that the account did not contain a true and correct inventory of the physical assets of the estate. Finally an objection was made to the compensation allowed the administratrix and her attorney respectively. No vital legal question is presented in the objection to the settlement of the supplemental

account. Great liberality was exercised by the court in permitting an exhaustive cross-examination of the administratrix. The record indicates some commingling of funds, but in the final analysis shows an accounting of the estate funds so commingled. The acting probate judge directed a fair and just disposition of the funds from a very practical standpoint without violating any legal rule.

The appeal from the decree settling the revised final account is ordered dismissed. The decree settling the supplemental account and the interlocutory judgment of partition are affirmed.

Peters, P. J., and Goodell, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 21, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1940.