63 Cal.App.2d 295 (1944)
Estate of HELEN I. TIERNEY, Deceased. FREDERICK SCRIBNER, Petitioner and Appellant,
v.
LYNDOL L. YOUNG, Contestant and Appellant.
Civ. No. 14395. 
California Court of Appeals. Second Dist., Div. One. 
Mar. 15, 1944.
 Lillick, Geary, McHose & Adams, A. F. Mack, Jr., Donn B. Tatum and W. C. Black for Petitioner and Appellant.
 Lyndol L. Young, in pro. per., and Forrest F. Murray for Contestant and Appellant.
 YORK, P. J.
 Helen Iten Tierney died testate on February 12, 1938. Her will was probated and distribution of her estate was ordered December 14, 1938 to Katherine C. Iten and Lyndol L. Young, as trustees, pursuant to paragraph 14 of said will:
 "I hereby nominate and appoint as guardians of the estate of my three children, and as executors and trustees of this, my Last Will and Testament, Katherine C. Iten and Lyndol L. Young. Upon the death, disqualification or resignation of any one of the said persons hereinabove named as guardians, trustees and executors, I direct that the following persons be appointed in his or her place as guardians of the estate of my three children and as executor and trustee of my estate, in the following order: Frederick Scribner, William Iten, it being my intention that there shall always be two guardians of the estate of my children and two executors and two trustees of my said estate; that when the natural persons hereinabove appointed to act as such guardian, executor and trustee are reduced to one person, either by death, disqualification, *297 resignation or otherwise, then and in that event the Farmers and Merchants National Bank of Los Angeles shall be appointed as co-trustee to act jointly with the other trustee so surviving, as provided in Paragraph Seventh hereof, and as joint guardians of the estate of my three children ... I hereby direct that none of the persons hereinabove named as executors, guardians and trustees be required to give any bond for the faithful performance of their duties as such."
 Katherine C. Iten died on February 6, 1943, whereupon Frederick Scribner filed his petition for confirmation of his nomination and appointment as co-trustee under the terms of the hereinbefore quoted paragraph fourteenth of the will of Helen Iten Tierney, deceased. Lyndol L. Young, as surviving trustee, contested said appointment by filing his answer and cross-petition and the matter was set for hearing on March 2, 1943. On that date the hearing was continued to March 17, 1943 to permit the Farmers and Merchants National Bank of Los Angeles to file a petition for its appointment as a third trustee. Both of said petitions were granted and on April 9, 1943 an order appointing Frederick Scribner and the Farmers and Merchants National Bank of Los Angeles as trustees under the will of Helen I. Tierney, deceased, "to act as such with Lyndol L. Young, the surviving trustee," was signed and filed.
 Lyndol L. Young appealed from such order of appointment, and Frederick Scribner appealed from that portion of said order which reads as follows:
 "It is hereby further ordered that all real estate, registered bonds, stocks, notes, contracts, leases and all other documents pertaining to the above estate of Helen Iten Tierney, deceased, shall appear in the following title, to-wit:"
 "Estate of Helen Iten Tierney, Dec'd."
 453 South Spring Street
 Los Angeles, California
 "It is further ordered that all checks, registered bonds and all other documents, including deeds, leases, and/or contracts, shall be executed on behalf of said estate as follows, to-wit:"
 "Estate of Helen Iten Tierney, Dec'd.,"
 By Lyndol L. Young, Surviving Trustee and
 By Frederick Scribner, Successor Trustee, or in lieu thereof *298
 The Farmers and Merchants National Bank of Los Angeles.""
 Lyndol L. Young, as surviving trustee, has moved this court to dismiss the appeal of co-trustee Scribner "upon the ground that the part of the order appealed from is not appealable, and that the questions involved in said appeal have become moot and abstract," because of two subsequent orders of the Superior Court of Los Angeles County, (1) accepting the voluntary resignation of the Farmers and Merchants National Bank as trustee; and (2) suspending the appointment of Frederick Scribner as co-trustee under the provisions of the Fiduciaries' Wartime Substitution Act, adopted by the California Legislature at its 1943 session as an emergency measure. (Stats. 1943, p. 161.)
 Frederick Scribner has also made a motion to dismiss the appeal of Lyndol L. Young upon the ground that said appeal was filed after the time allowed by law, and is therefore ineffectual for any purpose. To this latter motion Lyndol L. Young has filed written opposition.
 Frederick Scribner by his appeal seeks to have stricken from the order of April 9, 1943, the last two paragraphs thereof which require (1) that the title and address of the trust estate be shown in a certain manner and at a particular place (the latter being the address of surviving trustee Young's law office); and (2) that all documents of the trust estate be executed by Lyndol L. Young, the surviving trustee, and Frederick Scribner, successor trustee, or in lieu thereof, the Farmers and Merchants National Bank of Los Angeles.
 Appellant Scribner's contention is that the part of the order from which he appeals does not conform to the findings of fact, for the reason that the only issue framed by the pleadings and supported by the evidence was the appointment of said Scribner and the Farmers and Merchants National Bank as co-trustees; that the findings of fact and conclusions of law were made respecting such issue alone and contained no mention of the matters covered by the last two paragraphs of the order.
 Lyndol L. Young's motion to dismiss the Scribner appeal is supported by his affidavit containing, among others, the following averments:
 (1) That on June 7, 1943, Judge William R. McKay, presiding in Department 25 of the Superior Court of Los Angeles County, denied a petition of the Farmers and Merchants *299 National Bank of Los Angeles for instructions of the court to direct and instruct Lyndol L. Young, as surviving trustee, to deliver the assets and records of the trust estate to said bank;
 (2) That on October 8, 1943, said bank filed its petition of resignation of such appointment as trustee under the order of April 9, 1943, and such resignation was accepted by Judge McKay at a hearing thereon had on November 1, 1943;
 (3) That on November 2, 1943, Lyndol L. Young, as surviving trustee, filed a petition pursuant to the provisions of the Fiduciaries' Wartime Substitution Act of California (Stats. 1943 p. 161), to suspend the appointment of Frederick Scribner as co-trustee under said order of April 9, 1943, and to vest the power and authority of said Frederick Scribner, co-trustee, in Lyndol L. Young, surviving trustee. An order granting said petition was signed by Judge McKay on December 13, 1943.
 Certified copies of the order suspending appointment of co-trustee Scribner, and of the order accepting the resignation of the Farmers and Merchants National Bank as trustee, have been filed in this court in support of Lyndol L. Young's motion to dismiss the appeal of Frederick Scribner.
 [1] It would appear that through the granting of the two orders herein last-above mentioned, the questions raised by the Scribner appeal have become moot, for the reason that by the resignation of the corporate trustee together with the fact that Lyndol L. Young, as surviving trustee, is vested with full power and authority to transact all business of the trust estate, the directions contained in the order of April 9, 1943, respecting the address of the trust estate and the execution of documents appertaining thereto, have become meaningless.
 "An appellate court will not review questions which are moot and which are only of academic importance. It will not undertake to determine abstract questions of law at the request of a party who shows that no substantial right can be affected by the decision either way. ... If all the questions involved in an appeal become moot, the appeal will be dismissed." (2 Cal.Jur. 803 and authorities there cited.)
 See, also, California Pacific Title & Trust Co. v. California Mining & Dredging Syndicate, 17 Cal.App.2d 353, 354 [61 P.2d 1181], wherein it is stated: "It is settled law that 'The questions involved in an appeal may become moot and abstract, *300 by reason of some act of the parties, an act of the court, by lapse of time, by act of the legislature, by act of God, and perhaps in other ways ...' (2 Cal.Jur. 125, sec. 13.) ... 'when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.'" (See, also, Keefer v. Keefer, 31 Cal.App.2d 335, 337 [87 P.2d 856]; Hindman v. Owl Drug Co., 4 Cal.2d 451, 456 [50 P.2d 438].)
 From the foregoing it is clear that the motion of Lyndol L. Young to dismiss the appeal of Frederick Scribner from that portion of the order of April 9, 1943, hereinbefore recited, should be granted.
 [2a] With reference to the appeal of Lyndol L. Young from the order of April 9, 1943, as to which the co-trustee Scribner has moved to dismiss on the ground that it was not perfected within the time allowed by law, it appears from the record herein that the notice of appeal therein was not filed until June 9, 1943, which was sixty-one days after the signing and filing of the order appealed from. In his opposition to this motion, appellant Young contends that the order of April 9, 1943, is not a probate order but is a judgment made "under the general law and equity jurisdiction of the superior court"; that it should have been entered in the judgment book pursuant to sections 664 and 668 of the Code of Civil Procedure, and that since it has never been so entered, the time within which notice of appeal therefrom should be filed has never commenced, citing section 939 of the Code of Civil Procedure.
 [3] The orders appealed from in this, as well as in the companion case of Guardianship of Tierney, post, page 839 [146 P.2d 704], viz: (1) appointing testamentary trustees, and (2) appointing testamentary guardians, are included in the list of appealable orders enumerated in sections 1240 and 1630 of the Probate Code, and of necessity must be considered to be probate orders even though made by a judge of the superior court sitting in a department of said court other than one regularly handling probate matters. The division of the superior court into departments is simply for convenience *301 and the expedition of business; the court is the same court whether it is sitting in probate, in cases of equity, or in special proceedings. (11A Cal.Jur. 83, and authorities there cited.)
 [2b] Section 939 of the Code of Civil Procedure, which is made applicable to probate appeals by section 1233 of the Probate Code, provides that "an appeal may be taken from any judgment or order of a superior court from which an appeal lies ... within sixty days from the entry of said judgment or order." Section 1221 of the Probate Code requires that "All orders and decrees of the court or judge must be entered at length in the minute-book of the court, or else signed by the judge and filed ..."
 The order here under consideration was signed and filed on April 9, 1943, but the record does not disclose that it was ever entered in the minute-book of the court, or the date of such entry. However, in both the Estate of Hanley, 23 Cal. 2d 120, 122 [142 P.2d 423], and in the Estate of Murphy, 36 Cal.App.2d 653, 655 [98 P.2d 523], it was held that "The filing of a signed decree is equivalent to entry 'at length in the minute-book of the court.' (Prob. Code, sec. 1221.)" Moreover, the new "Rules on Appeal" which became effective shortly after the instant appeals were perfected, define in rule 2 (b) what constitutes entry, as follows: "(3) The date of entry of an order which is not entered in the minutes shall be the date of filing of the order signed by the court."
 As heretofore stated, the notice of appeal was not filed by Lyndol, L. Young until June 9, 1943, which was sixty-one days after entry of the order. Therefore, on the authority of Estate of Hanley, supra, which holds that when the appeal is not taken within the 60-day period required, the court has no discretion, but must dismiss the appeal of its own motion even if no objection is made,--the motion of Frederick Scribner to dismiss the appeal of Lyndol L. Young must be granted.
 For the reasons stated, the two motions to dismiss are granted and the appeals are dismissed.
 Doran, J., and White, J., concurred.