[Civ. No. 14368.   Second Dist., Div. Three.   July 24, 1944.]

Estate of NANCY RAY LAIR, Deceased. JOHN W. SHNELL et al., Appellants, v. A. W. BRUNTON, Individually and as Administrator With the Will Annexed, etc., Respondent.

Charles W. Cradick and Jean Wunderlich for Appellants.

A. W. Brunton, in pro. per., for Respondent.

WOOD (Parker), J.—This is a motion by respondent to dismiss the appeal herein upon the ground that the notice of appeal was not filed within the time provided by law. The appeal is from a "judgment and decree" settling the final account of a trustee of a testamentary trust after termination of the trust, allowing fees for "services as attorney and as administrator," and apportioning and distributing the assets of the testamentary trust.

The decree was signed by the judge, and was filed June 3, 1943. It was entered June 8, 1943. The notice of appeal was filed August 5, 1943.

Respondent contends that the appeal was not taken within 60 days from the date of entry of the decree at length in the minutes. He asserts that the date of such entry was June 3, 1943, the date the signed decree was filed; and that the filing of the signed decree was equivalent to an entry at length in the minute book of the court. In support of said assertion he relies upon the *Estate of Hanley* (1943), 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250], particularly the statement therein on page 122 that, "The filing of a signed decree is equivalent to entry 'at length in the minute-book of the

court.' (Prob. Code, sec. 1221.)'' He also relies upon the *Estate of Tierney* (1944), 63 Cal.App.2d 295 [146 P.2d 700], wherein that statement was quoted at page 301.

The appellants contend that the 60 days' period within which the appeal could have been taken should be computed from the date of the entry of the decree on June 8, 1943, and that the notice of appeal, having been filed on August 5, 1943, was therefore within the proper time. They argue in support of said contention that the signing and filing of a *decree of distribution* was not equivalent to an entry at length in the minute book for the reason that section 1221 of the Probate Code provides that a decree of distribution ''must always be'' entered at length in the minute book of the court; and that ''by reason of the logic of things, the provisions of sec. 1221 of the Probate Code must apply to decrees distributing testamentary trusts as well as to decrees distributing estates.''

Section 1221 of the Probate Code provides: ''All orders and decrees of the court or judge must be entered at length in the minute-book of the court, or else signed by the judge and filed; but decrees of distribution must always be so entered at length.''

Rule 2 of the new Rules on Appeal provides in part: ''. . . notice of appeal shall be filed within 60 days from the date of entry of the judgment. . . . (b) [What constitutes entry] For the purposes of this rule. . . . (2) The date of entry of an order *which is entered in the minutes* shall be the date of its entry in the minutes, unless the entry in the minutes expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of·the signed order. . . . (4) The date of entry of a decree of distribution in a probate proceeding shall be the date of its entry at length· in the minutes.'' (Italics added.) It is further provided in the Rules on Appeal (Rule 40, subd. (g), p. 28) that '' 'Judgment' includes any judgment, order or decree from which an appeal lies.''

The signed decree herein was entered in the minutes on June 8th. The signed decree, having been filed on June 3 —before the date of the entry in the minutes on June 8— it was not, of course, filed in pursuance of a direction in the minutes, as required by said Rule 2 if the date of filing a signed order is to constitute the date of entry. (It is to be

noted as hereinafter stated that, on the contrary, the signed decree directed that a minute entry be made.)

■ Under the Rules on Appeal, the decree herein having been entered in the minutes and said entry not having directed that a written order be prepared, signed and filed, the date of entry of the decree was the date the decree was entered in the minutes, June 8, 1943, and the date of the filing of the signed decree herein, June 3, 1943, did not constitute the date of entry of the decree.

■ Furthermore, the decree herein provided at the end thereof, immediately preceding the signature of the judge, as follows: "Let *a* decree be entered accordingly." (Emphasis added.) By reason of said direction by the court that a decree be entered accordingly, the filing of the signed decree was not the equivalent of the entry of the decree at length in the minute book. Said direction indicated that the signed decree should be regarded as a memorandum of the decision of the court; and that the signed decree should be entered in the minute book and when so entered it should constitute the decision of the court and the date of the entry thereof.

As above mentioned, the *Estate of Hanley* and the *Estate of Tierney,* upon which respondent relies, stated that "The filing of a signed decree is equivalent to entry 'at length in the minute-book of the court.' " The former case was an appeal from an order settling an account, and the latter case was an appeal from an order appointing additional trustees —which orders, under section 1221 of the Probate Code, were not required to be entered at length in the minutes. Said cases are distinguishable from the present case in the following respects: that the notices of appeal therein were filed before the new Rules on Appeal became effective on July 1, 1943; and the signed orders in said cases did not direct (as the decree herein directed) that said orders be entered. It is not necessary to discuss the contention of appellants that said cases are further distinguishable from the present case —said contention being that the latter part of section 1221 of the Probate Code (that decrees of distribution must always be entered at length) is applicable to the decree in the present case distributing a testamentary trust, whereas the first part of said section (that orders must be entered at length or else signed and filed) is applicable to the orders in the cited cases.

The notice of appeal. having been filed on August 5, 1943, it was filed within 60 days from the date of entry of the decree, June 8, 1943, and therefore it was filed within the time allowed by law.

The motion to dismiss the appeal is denied.

Desmond, P. J., and Shinn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 21, 1944.