[Civ. No. 13494.   First Dist., Div. One.   July 24, 1947.]

EMMA PESSARRA, Appellant, v. WILLIAM PESSARRA, Respondent.

J. W. Ehrlich, Roy A. Sharff and Thaddeus Cline for Appellant.

Samuel Vartan and Howard Magee for Respondent.

PETERS, P. J.—This is a motion to dismiss the appeal of plaintiff from an order of the superior court vacating, on motion, interlocutory and final decrees of divorce on the ground that they had been secured by fraud.

The pertinent facts and dates are as follows:

The plaintiff secured an interlocutory and a final decree of divorce from defendant. Thereafter, defendant moved for an order vacating and setting aside these decrees.

*February 24, 1947*—after a hearing the court made a minute order ''Motion to set aside Interlocutory and Final Decrees granted.'' The minutes contained no direction that a written order should be prepared, signed and filed. This minute order was inadvertently entered in the minute book as of February 22, 1947, but by an order correcting the record dated May 9, 1947, the proper date was fixed for the entry of the order. Subsequently the defendant submitted a proposed form of writ-

ten order and plaintiff objected. A hearing was had on March 18, 1947, and the court directed counsel for both parties to prepare proposed orders. Defendant avers that at this hearing his counsel repeatedly called attention to the minute order of February 24th, pointed out that such order was final, and that findings were improper. Both sides submitted proposed orders.

*April 4, 1947*—the trial court signed the formal order proposed by defendant. This order contains findings, and not only purports to vacate the interlocutory and final decrees of divorce, but also purports to nullify a property settlement agreement made in contemplation of the divorce.

*May 2, 1947*—plaintiff filed a notice of appeal from the order of April 4, 1947. No appeal was taken from the order of February 24, 1947, and the time to appeal therefrom expired prior to May 2, 1947.

Appeals from orders must be taken within 60 days from their entry. (Rule 2(a).) Obviously, if the order of February 24, 1947, disposed of the motion, the time for appeal having elapsed, such order has become final. It is clear that, if the order of February 24, 1947, finally disposed of the motion, the trial court had no power to modify or change its order on April 4, 1947; the purported formal order of that date is a nullity, and the appeal therefrom should be dismissed.

The decisive question presented on this motion to dismiss is whether or not the order of February 24, 1947, finally disposed of the pending motion and was therefore appealable. If so, the appeal from the order of April 4, 1947, is abortive.

There would seem to be no reasonable doubt but that under the Rules on Appeal now in effect the entry of the order of February 24, 1947, started the time running for the appeal. Rule 2(b)(2) provides that for purposes of computing the 60-day limit within which to appeal "The date of entry of an order which is entered in the minutes shall be the date of its entry in the minutes, unless the entry in the minutes expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order."

This rule was adopted to clarify a most uncertain and confusing condition of the law existing prior to the adoption of this rule in July, 1943. Prior to that date, when orders were made by the trial court and entered in the minutes, and subsequently a formal written order was prepared, signed and filed by the judge, it was practically impossible for the law-

yers to know when the time for appeal started to run. This was caused by the delusive simplicity of the language of section 939 of the Code of Civil Procedure which then controlled and which provided that the time to appeal began to run from the "entry of said judgment or order." Under this section the courts announced the rule that where the minute order was intended to be a mere memorandum from which a proper written order was to be drafted then the time for appeal started to run from the date of the filing of the last order. From a practical standpoint the cases, prior to 1943, held that the determinative factor was what the judge had in mind when he announced his first decision. (*Estate of Yale,* 208 Cal. 102 [280 P. 358] ; *Scrimsher* v. *Reliance Rock Co.,* 1 Cal.App.2d 382 [36 P.2d 688] ; *McColgan* v. *Jones, Hubbard, etc., Inc.,* 11 Cal.2d 243 [78 P.2d 1010] ; *Smith* v. *Smith,* 45 Cal.App.2d 212 [113 P.2d 892].) Such a subjective test, depending as it did upon the personal and frequently only partially disclosed intent of the trial judge, proved highly unsatisfactory. It was to rectify this condition that rule 2(b)(2) was adopted. In his article discussing the new rules, in 17 Southern California Law Review 79, the draftsman of the rules, after first discussing the complexities and ambiguities existing under the old statute, has this to say about the purposes of the new rule (p. 86) : "The rule proceeds upon the theory that under the statutes and practice the normal method of evidencing and authenticating an order is by entry in the minutes. Presumptively, therefore, the minute entry is the 'entry of the order' for the purpose of fixing time to appeal, and the parties may rely upon it unless the contrary is indicated on the face of the minute entry itself. *It is immaterial that the court contemplates the filing of a formal order, and considers the oral pronouncement as preliminary and ineffective. The parties need not and cannot, speculate on such undisclosed intentions.* For them the minute entry starts the time running unless the court as part of its oral pronouncement directs that a written order be prepared and filed, and this direction is made a part of the minute entry." (Italics added.)

That this is the purpose and effect of the new rule is made crystal clear by its language. It provides that the date of entry of an order entered in the minutes "shall be the date of its entry in the minutes, unless the entry in the minutes expressly directs that a written order be prepared, signed and filed." There is no room for interpretation. The language is clear and certain.

The plaintiff's argument that the time to appeal did not commence to run until the signing and filing of the formal order on April 4, 1947, is largely predicated on the reasoning of the cases above cited announcing the old rule. The rule of those cases has been changed by the adoption of the new rules. The plaintiff also places considerable reliance on the decision of the appellate court in *Trubowitch* v. *Riverbank Canning Co.*, 71 A.C.A. 1051, and contends that the court in that case applied the rule of the old cases after the adoption of the new rules. Whatever the appellate court may have decided in that case (an examination of the opinion shows that it was based on old section 939 of the Code of Civil Procedure which had been repealed by implication by the new rules and has since been expressly repealed) is no longer the law because the Supreme Court granted a hearing, and has since decided the case. (30 Cal.2d 335 [182 P.2d 182].) That case involved an appeal from a judgment denying an application to enforce an agreement to arbitrate. On October 21, 1944, the court, after hearing, announced that the petition was denied and defendant's motion to dismiss granted. The record does not show that this order was entered in the minutes. On October 27, 1944, the court ordered the defendant to prepare findings. On January 5, 1945, the court adopted these findings. The Supreme Court properly held that the time to appeal ran from the date of the signing and filing of the formal judgment. Not only did the record not disclose when the order of October 21, 1944, was entered in the minutes (such date of entry being the date specified in rule 2(b)(2)), but on October 27th (presumably before the date of entry in the minutes) the court expressly directed the preparation of findings, thus bringing the case within the provisions of rule 2(b)(2). The Supreme Court also held that the type of judgment there involved, by express statutory provisions, required that findings be prepared, and that in such case there can be no final judgment until findings are signed and filed. That is sound law. It should be noted that, although the decision in the Trubowitch case is by a divided court, the three dissenting justices did not disagree with this holding, contained in the majority opinion, and do not mention it in their dissent. The case stands for the proposition that rule 2(b)(2) does not require the appeal to be taken from the minute order where the law requires such order to be followed by the filing of formal findings and a judgment. In such case, even if the order is silent as to

an express direction to prepare findings and judgment, the time to appeal runs from the filing of such findings and judgment. In such case rule 2(b) (1) provides that the time starts to run from the entry of the "judgment." The rule of this case can have no application here because in the instant case, involving as it does an order after motion, no findings were required. (*Waymire* v. *California Trona Co.*, 176 Cal. 395 [168 P. 563] ; *Wood* v. *Peterson Farms Co.*, 132 Cal.App. 233 [22 P.2d 565] ; *Luitwieler* v. *Luitwieler*, 57 Cal.App. 751 [207 P. 931] ; *In re Principal*, 101 Cal.App. 669 [282 P. 26] ; *Bradley Co.* v. *Ridgeway*, 14 Cal.App.2d 326 [58 P.2d 194] ; 24 Cal.Jur. pp. 950, 952, § 191.)

Counsel also refer to the case of *Estate of Lair*, 65 Cal. App.2d 245 [150 P.2d 560]. There the appeal was from a decree settling the final account of a testamentary trustee. The decree was signed by the judge and filed June 3, 1943. It was entered June 8, 1943. Notice of appeal was filed August 5, 1943. The court held that the time for appeal, under rule 2(b)(2) started to run from the date the signed decree was entered in the minutes—June 8, 1943. It was further pointed out that the signed decree of June 3, 1943, expressly directed that a minute entry be subsequently made. Under such circumstances the court held (p. 248) : "Under the Rules on Appeal, the decree herein having been entered in the minutes and said entry not having directed that a written order be prepared, signed and filed, the date of entry of the decree was the date the decree was entered in the minutes, June 8, 1943, and the date of the filing of the signed decree herein, June 3, 1943, did not constitute the date of entry of the decree." That is in exact accord with the views herein expressed.

From what has been said it is quite clear that for purposes of appeal the order of February 24, 1947, finally disposed of the case; that the court had no power to change or modify that order in the manner attempted by the order of April 4, 1947; that the order of April 4th was totally void and the appeal therefrom abortive; that no appeal was taken within 60 days from the entry of the order of February 24th, and such order has become final. For these reasons it is ordered that the appeal here involved is dismissed.

Bray, J., and Ogden, J. pro tem., concurred.