[Civ. No. 8947.   Third Dist.   Jan. 31, 1956.]

ELIZABETH D. FREESE, Respondent, v. OGDEN B. FREESE, Appellant.

Sutter, Elledge & Carter for Appellant.

Thomas, Beedy, Nelson & King and Thaddeus J. Kukula for Respondent.

McMURRAY, J. pro tem.*—Respondent moves to dismiss this appeal upon the ground: "That said appeal was not taken within 60 days from the date of entry of the judgment, as is by law required, reference being had to the Certificate of the Clerk of the Superior Court of the State of California, in and for the County of Stanislaus, filed herein, which is made a part of this motion.  Said motion will be further based

*Assigned by Chairman of Judicial Council.

on records and files of this action and said certificate of the clerk.''

The certificate of the clerk on file is in accordance with rule 42 of Rules on Appeal and reveals the following: The appeal is from a denial of a claim of exemption from execution after levy of a writ of execution issued against appellant for delinquent support and maintenance payments; that a ''claim that said property was exempt from said execution was filed'' by appellant and a counteraffidavit in opposition thereto was filed by respondent; that thereafter on April 6, 1955, a minute order was made denying appellant's claim of exemption; that this order contained no express direction that a written order be prepared and entered. The certificate further reveals that on April 6, 1955, ''Decision on Defendant's Claim of Exemption'' signed by the trial judge was served upon the attorneys for both parties; on June 6, 1955, ''Order Denying Defendant's Claim for Exemption'' was ''signed and entered'' by the trial judge. ''Notice of Appeal from Order Denying Defendant's Claim of Exemption'' was filed on August 5, 1955.

If the minute order of April 6, 1955, was appealable this appeal must be dismissed as not timely, but if the ''signed and entered'' order was the final judgment in this matter the appeal was timely.

Rule 2(a) of Rules on Appeal provides: '' [Normal time] Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days from the date of entry of the judgment, unless the time is extended as provided in Rule 3.''

Rule 2(b) of Rules on Appeal states, so far as is here apposite: '' [What constitutes entry] For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book. . . .'' This motion to dismiss is based solely upon this portion of the rule.

Section 690.26 of the Code of Civil Procedure sets forth the manner in which claims for exemption from execution after levy shall be made, heard and determined. After setting forth the steps before hearing that section provides:

'' (10) At such hearing, the party claiming the exemption shall have the burden of proof. The affidavits and counter-affidavits shall be filed by the levying officer with the court and shall constitute the pleadings, subject to the power of the court to permit an amendment in the interests of justice. The

affidavit of exemption shall be deemed controverted by the counter-affidavit and both shall be received in evidence. Nothing herein contained shall be construed to deprive anybody of the right to a jury trial in any case where by the Constitution such right is given, but a jury trial shall be waived in any such case in like manner as in the trial of an action. No findings shall be required in a proceeding under this section. When the hearing is before the court sitting without a jury, and no evidence other than the affidavit and counter-affidavit is offered, the court if satisfied that sufficient facts are shown thereby, may make its determination thereon; otherwise, it shall order the hearing continued for the production of other evidence, oral or documentary, or the filing of other affidavits and counter-affidavits. At the conclusion of the hearing, the court shall give judgment determining whether the claim to exemption shall be allowed or not, which judgment shall be determinative as to the right of the creditor to have the property taken and held by the officer or to subject the property to payment or other satisfaction of his judgment. In such judgment the court shall make all proper orders for the disposition of such property or the proceeds thereof.

"(11) A copy of any judgment entered in the trial court shall be forthwith transmitted by the clerk to the levying officer in order to permit such officer to either release the property attached or to continue to hold it or sell it, in accordance with the provisions of the writ previously delivered to him. Such officer, unless an appeal from the judgment be waived, or the judgment has otherwise become final, shall continue to hold such property under attachment or execution, continuing the sale of any property held under execution until such judgment becomes final."

A reading of this section is persuasive that the use of the term "judgment" therein is precise rather than general and that the determination of the adverse claims heard is in fact a judgment rather than an order.

It must be noted that the section by its terms dispenses with the necessity of findings of fact, which leads to a consideration of the question of when a judgment is entered under rule 2(b)(1) of Rules on Appeal. Respondent cites *Pessarra* v. *Pessarra*, 80 Cal.App.2d 965 [183 P.2d 279], in support of her motion. That case is not in point here as its consideration was restricted to the operation of the Rules on Appeal as applied to appealable orders, as distinguished from

judgments. (See discussion re: *Trubowitch* v. *Riverbank Canning Co.* in the Pessarra case, *supra*, at p. 968.) Respondent also cites *Waymire* v. *California Trona Co.*, 176 Cal. 395 [168 P. 563], and *Wood* v. *Peterson Farms Co.*, 132 Cal.App 233 [22 P.2d 565], as authority for dismissal of this appeal as not timely, but an examination of those cases reveals that they both dealt with orders.

Admittedly, no findings were here necessary, but it is difficult to reconcile the provisions of rule 2(b)(1) of Rules on Appeal and that contained in Code of Civil Procedure, section 632, requiring judgment to be entered after decision, and the provision of section 668 of the Code of Civil Procedure requiring entry of judgments in the judgment book, with the position of respondent that this judgment, because no findings are required, becomes an order within the meaning of the Rules on Appeal. In *Gwinn* v. *Ryan*, 33 Cal.2d 436 [202 P.2d 51], a case dealing with a motion to dismiss an appeal from an order dismissing an action for lack of prosecution, it is held that orders dismissing actions for lack of prosecution or on nonsuits need only be entered by minute order to constitute a final appealable judgment or order. The case also points out that such dismissals and nonsuits are an exception to the general rule.

*Egan* v. *McCray*, 220 Cal. 546 [31 P.2d 1041] (cited in *Gwinn* v. *Ryan, supra*), held that an order of dismissal on the ground of want of jurisdiction, which was only entered in the minutes, was not a final order or judgment because of the general rule expressed in Code of Civil Procedure, section 664, that no judgment shall become effectual for any purpose until entered in accordance therewith.

The facts here reveal that the order of June 6, 1955, which appears to have been "signed and entered" by the trial judge is the first act which could have started the running of time to appeal under rule 2, subdivisions (a) and (b), of the Rules on Appeal.

The motion to dismiss is denied.

Van Dyke, P. J., and Schottky, J., concurred.