[Civ. No. 22247. Second Dist., Div. Three. Aug. 21, 1957.]

FRANKLIN BOWMAN, a Minor, etc. et al., Appellants, v. WILLIAM THOMAS WILKINSON et al., Defendants; ALTHA WILKINSON, Respondent.

DAVID STURGILL, a Minor, etc., et al., Appellants, v. WILLIAM THOMAS WILKINSON et al., Defendants; ALTHA WILKINSON, Respondent.

Bentson & Blumberg for Appellants.

J. F. Marshall and Robert M. Devitt for Respondent.

WOOD (Parker), J.—Appeal by plaintiffs (in the above consolidated actions) from an order allowing a claim of exemption from execution. There is a notice of appeal in each action, and the appeals are presented on one settled statement and one set of briefs.

A judgment in each action was against defendants William Thomas Wilkinson, a minor, and Altha Wilkinson, his mother, for damages for personal injuries resulting from an automo-

bile accident. The total amount of the judgments was $8,521.30. Mrs. Wilkinson had signed her son's application for a driver's license. When the accident occurred her son was driving an automobile in which the minor plaintiffs were riding.

Thereafter, on October 3, 1956, pursuant to stipulation (apparently in a supplementary proceeding), an order was made directing Mrs. Wilkinson to deliver to her attorney, Robert M. Devitt, "the cashier's check in the sum of $6000.00" drawn by the Bank of America, and it was ordered that Mr. Devitt hold the check pending the levy of execution in the matter.

On October 19, 1956, Mrs. Wilkinson endorsed two cashier's checks of the Bank of America, each in the amount of $3,000, and delivered the checks to Mr. Devitt who endorsed and deposited the checks in his trust account.

Thereafter, plaintiffs levied an execution "against all credits" of Mrs. Wilkinson in the possession of Mr. Devitt.

Mrs. Wilkinson filed a claim of exemption wherein she stated that the $6,000 which Mr. Devitt has "in his possession" was received by her under a life insurance policy issued by the Metropolitan Life Insurance Company on the life of James S. Wilkinson, her deceased husband; that she is the sole beneficiary of the policy; the annual premium on the policy was less than $500; and she claimed said funds were exempt under section 690.19 and 690.20 of the Code of Civil Procedure.

Plaintiffs filed a counteraffidavit of James T. Bentson, one of plaintiffs' attorneys, wherein it was stated, in effect, that the funds were not exempt within the meaning of said section 690.20; that the claim of exemption did not state facts sufficient to establish the exemption; and that the "property" is a general obligation of the Bank of America.

At a hearing upon her claim of exemption, Mrs. Wilkinson testified as follows: She is the surviving widow of James S. Wilkinson who died October 22, 1955 (before rendition of the judgments). Prior to his death, he was a federal government employee and a certificate holder under a Metropolitan Life Insurance group policy issued to the United States Civil Service Commission. At the time of his death, three insurance policies on his life were in effect. One of the policies was the Metropolitan Life Insurance group policy, on which decedent had paid an annual premium of $39 and his employer had paid $19.50. Another Metropolitan Life Insurance policy was for $1,100, and the annual premium thereon was $60.

Another policy was a Long Beach Press-Telegram Life and Accident policy for $1,600, and the annual premium thereon was $3.00. After Mr. Wilkinson's death, Mrs. Wilkinson "as beneficiary" received the proceeds of the three policies. The group policy proceeds consisted of $6,000 which was transmitted to her by a check of the Metropolitan Life Insurance Company. Upon receipt of the check, Mrs. Wilkinson "used said check to purchase," from the Bank of America, two cashier's checks each in the sum of $3,000 and each of which was payable to her. She retained the two cashier's checks until October 19, 1956, on which date, "pursuant to an order of court of October 3, 1956," she delivered the two checks to Mr. Devitt. No proceedings had been commenced to probate Mr. Wilkinson's estate. No probate court had assigned the Metropolitan check, or the two cashier's checks, or the $6,000 in Mr. Devitt's trust account, to Mrs. Wilkinson as exempt property.

Mr. Devitt testified as follows: On October 19, 1956, "pursuant to an order of court in these actions," Mrs. Wilkinson delivered to him two cashier's checks from the Bank of America, which checks were payable to her. He directed Mrs. Wilkinson to endorse the checks, and thereafter he endorsed them and deposited them in his trust account. No part of the funds had been withdrawn from the account or paid to Mrs. Wilkinson, and the $6,000 was her only funds in his possession. Mrs. Wilkinson had shown him the Metropolitan Life Insurance check shortly after Mr. Wilkinson's death, and he had advised her to exchange the check for a cashier's check payable to herself and to keep the cashier's check in her possession and not to spend or commingle it. The Metropolitan Life Insurance check for $6,000 was the source of the two cashier's checks for $3,000 each. The $6,000 was deposited in his trust account in which funds of his other clients were also deposited. No security was given by him to Mrs. Wilkinson for the funds.

Plaintiffs presented no evidence at the hearing. A minute order was made which stated, in part: "defendant's claim of exemption allowed." The minute order did not direct that a written order or judgment be prepared, signed and filed. It does not appear from the record on appeal whether a signed order or judgment was filed.

Each notice of appeal states that plaintiffs appeal "from the order after judgment . . . allowing and granting defendant and judgment debtor Altha Wilkinson's Claim of Exemption,

and the whole of said order." It seems that section 690.26 of the Code of Civil Procedure contemplates that in determining a claim of exemption a judgment shall be made, and that an appeal lies from the judgment.[1] (See *Freese* v. *Freese,* 138 Cal.App.2d 867 [292 P.2d 547], wherein a minute order and a signed order were made and it was held that the signed order was the final judgment and that the time for appealing ran from the date of the entry of the signed order.) In the present case it does not appear whether a signed order or judgment was made, but the parties have presented the appeal on the merits and it will be determined on the merits.

█ Appellants (plaintiffs) contend that Mrs. Wilkinson is not a person who is entitled to claim the life insurance exemption allowed under section 690.19 of the Code of Civil Procedure.

Section 690 of the Code of Civil Procedure provides, in part: "The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is exempt from execution . . . when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.26 provided."

Section 690.19 of the Code of Civil Procedure provides:

"All moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance, if the annual premiums paid do not exceed five hundred dollars ($500) . . . .

"In addition to the foregoing, all moneys, benefits or privileges belonging to or inuring to the benefit of the insured's spouse or minor children growing out of life insurance purchased with annual premiums not exceeding five hundred dollars ($500) . . . ."

Appellants argue that the exemption allowed by the first paragraph of said section 690.19 is available only to an insured during his life and is not available to a beneficiary who receives the proceeds of the policy after the death of the insured. As above shown, that paragraph, when read in connection with

---

[1]Section 690.26 of the Code of Civil Procedure provides in part: "(10) . . . At the conclusion of the hearing, the court shall give judgment determining whether the claim to exemption shall be allowed or not, in whole or in part, which judgment shall be determinative as to the right of the creditor to have the property taken and held by the officer or to subject the property to payment or other satisfaction of his judgment. In such judgment the court shall make all proper orders for the disposition of such property or the proceeds thereof. . . . (14) An appeal lies from any judgment under this section; such appeal to be taken in the manner provided for appeals in the court in which the proceeding is had."

section 690, states in substance that all moneys accruing or in any manner growing out of any life insurance is exempt from execution if the annual premiums do not exceed $500. Mrs. Wilkinson was the beneficiary under the Metropolitan Life Insurance group policy, and the premiums on that policy and the other policies did not exceed $500. The $6,000 received by Mrs. Wilkinson, as such beneficiary, was "money" which accrued or grew out of the life insurance group policy. The exemption allowed by the first paragraph of said section is available to the beneficiary. (*Holmes* v. *Marshall,* 145 Cal. 777, 779 [79 P. 534, 104 Am.St.Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67] ; *Prudential Ins. Co.* v. *Beck,* 39 Cal.App.2d 355, 360 [103 P.2d 241].) In *Holmes* v. *Marshall, supra,* the court was considering former section 690, subdivision 18, of the Code of Civil Procedure which was in substance the same as the first paragraph of the present section 690.19 when that paragraph is read in connection with section 690. In that case the court said at page 779: "The words 'exempt from execution' [in section 690, subdivision 18] were clearly intended to apply to the moneys coming from the life insurance to the hands of the beneficiary." In the Prudential case, *supra* (in referring to said section 690.19), it was said at page 360: "That the purpose of the section is to protect the beneficiary as well as the insured is indicated by decisions that the insurance proceeds in the hands of the beneficiary . . . are exempt from execution for debts of the beneficiary." The exemption allowed by the first paragraph of section 690.19 was available to Mrs. Wilkinson with respect to the proceeds from the Metropolitan Life Insurance group policy.

Appellants argue further to the effect that the provision in the second paragraph of said section 690.19, allowing an exemption to the "insured's spouse," is not applicable to Mrs. Wilkinson for the reason she was not the "insured's spouse" after the insured's death but she was then his widow or surviving spouse. By reason of the above conclusion that Mrs. Wilkinson is entitled to the exemption allowed by the first paragraph of said section, it is not necessary to decide this contention.

■ Appellants also contend that Mrs. Wilkinson lost the exemption allowed by section 690.19 of the Code of Civil Procedure when the form of the insurance proceeds was changed, i. e., when the insurance company check was changed to the cashier's checks and when the cashier's checks were changed to a deposit in Mr. Devitt's trust account. In

*Holmes* v. *Marshall, supra,* 145 Cal. 777 [79 P. 534, 104 Am.St. Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67], it was held that the exemption allowed for money received from life insurance was not lost by depositing the money in a bank. In that case it was said at page 783: "[T]he credit in the bank is, for all practical purposes under the exemption laws, to be regarded as the money itself." In the present case, the two cashier's checks issued by the Bank of America were in practical effect the same as the money itself. The cashier's checks were delivered to Mr. Devitt, attorney for Mrs. Wilkinson, pursuant to the court order of October 3, 1956 (made upon stipulation), and the checks were to be held by him pending the levy of execution. Under those circumstances the delivery of the checks to Mr. Devitt and the deposit of the checks by him in his trust account did not create a creditor-debtor relationship. The money on deposit in the bank, in Mr. Devitt's trust account, remained the money of Mrs. Wilkinson and she did not lose the exemption allowed by section 690.19 of the Code of Civil Procedure.

The order in each action is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 16, 1957.